443 A.2d 1192

**COMMONWEALTH of Pennsylvania**

v.

**Randy SEMINKO, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 15, 1981.

Filed April 2, 1982.

Alfred B. Bell, Assistant Public Defender, Greensburg, for appellant.

Albert M. Nichols, District Attorney, Greensburg, for Commonwealth, appellee.

Before WIEAND, JOHNSON and MONTEMURO, JJ.

PER CURIAM:

Appellant was charged with Criminal Mischief[1] and Harassment.[2] On appeal from a summary conviction as to

1. 18 Pa.C.S.A. § 3304(a)(1).

2. *Id.*, § 2709(3).

both charges, the trial court found Appellant guilty of both charges and, in addition to placing Appellant on probation for two consecutive ninety-day periods, ordered Appellant "to make restitution as determined by the . . . Office of Probation and Parole during the term of [his] probation."

The restitution directed by the lower court related to damage done by the Appellant to the hood of a Honda Civic automobile owned by the complainant. At trial, the lower court had properly sustained the Appellants' objection to hearsay testimony as to the amount of damages, since the car had not been repaired and the complainant sought to testify to the contents of an estimate of repair obtained from a third party.

After sentencing, Appellant renewed his earlier objection to any restitution, which was denied by the lower court. No post-trial motions were filed within the time provided by Pa.R.Crim.P. 1123, nor was the Appellant advised, on the record, of his post-verdict rights as required by Rule 1123(c). Two weeks after sentencing, Appellant presented a petition to modify his sentence alleging that that portion of the sentence ordering restitution was illegal and that the Commonwealth had not proved the specific amount of the restitution due. This appeal is from a denial of that petition.

Since an order of restitution is a sentence, whether it is imposed as a direct sentence or as a condition of probation, it must be supported by the record. *Commonwealth v. Fuqua*, 267 Pa.Super.Ct. 504, 407 A.2d 24 (1979). The trial court must determine the loss or damage the defendant has caused, what amount of restitution he can afford to pay and how he should pay it. The trial court may not delegate these obligations to any agency, such as the Office of Probation and Parole. *Commonwealth v. Erb*, 286 Pa.Super.Ct. 65, 428 A.2d 574, 582 (1981).

The lower court, which sentenced Appellant on September 3, 1980, would not have had the advantage of this court's holding in the *Erb* case, filed seven months thereafter. It is clear from the record, however, that the mandates of *Erb* have not been met in this case now on appeal.

We therefore vacate the judgment of sentence and remand for resentencing consistent with *Commonwealth v. Erb, supra,* 42 Pa.C.S.A. § 9721(c) and 18 Pa.C.S.A. § 1106. Any further appeal must be from the new sentence thus imposed.