446 A.2d 948

**COMMONWEALTH of Pennsylvania**

v.

**Robert WOOD, Appellant.**

Superior Court of Pennsylvania.

Submitted March 29, 1982.

Filed June 11, 1982.

464

Donald Nasshorn, Assistant Public Defender, Doylestown, for appellant.

Stephen B. Harris, Assistant District Attorney, Doylestown, for Commonwealth, appellee.

Before WIEAND, McEWEN and POPOVICH, JJ.

WIEAND, Judge:

In this appeal we are asked to determine whether the record is sufficient to support an order directing appellant to make restitution to the victims of three burglaries. We conclude that the record is sufficient and affirm the order of the sentencing court.

Robert Wood entered pleas of guilty to informations charging him with three burglaries and was sentenced to serve a term of imprisonment. A hearing to determine the amount of restitution was deferred until after Wood had been released on parole. At that hearing, the victims testified to the losses which they had sustained as a result of the burglaries, and Wood presented evidence regarding his earnings and expenses. At the conclusion of the hearing, the court ordered as follows:

THE COURT: In the case of Kenneth Pietrak I order and direct you make restitution in the sum of nine hundred five dollars.

In the case of Dorothy West I order and direct that you make restitution in the sum of seven hundred seventy-five dollars.

In the case of Charles Sampsel I order and direct that you make restitution in the sum of two thousand one hundred forty-nine dollars.

Anything else?

MR. SCHNEIDER: What will be the manner of payment, one lump sum?

THE COURT: The manner of payment can be worked out between himself and his parole officer, in one lump sum or in periodic payments over the time of his parole.

(Sentencing Hearing N.T. 27–28). Wood thereafter filed in the trial court a petition to reconsider. This was denied. On direct appeal from the order of restitution, appellant argues that the court erred in imposing a sentence of restitution "where there was no evidence that [appellant] could or would ever be able to pay it." He also contends that it was error to delegate to appellant's parole officer the responsibility for determining the manner in which restitution was to be paid.

An order requiring restitution is authorized by Section 1106 of the Crimes Code of December 6, 1972, 18 Pa.C.S. § 1106.[1] It may be imposed either as a direct sentence or as

---

1. Section 1106 of the Crimes Code, 18 Pa.C.S. § 1106 provides, in part:

§ 1106. Restitution for injuries to person or property

(a) General rule.—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender may be sentenced to make restitution in addition to the punishment prescribed therefor.

(b) Condition of probation or parole.—Whenever restitution has been ordered pursuant to subsection (a) and the offender has been placed on probation or parole, his compliance with such order may be made a condition of such probation or parole.

(c) Authority of sentencing court.—In determining whether to order restitution as a part of the sentence or as a condition of probation or parole, the court:

(1) Shall consider the extent of injury suffered by the victim and such other matters as it deems appropriate.

a condition of probation or parole. In either event, the order of restitution must be supported by the record. *Commonwealth v. Seminko,* 297 Pa.Super. 418, 420–21, 443 A.2d 1192 (1982); *Commonwealth v. Erb,* 286 Pa.Super. 65, 81, 428 A.2d 574, 582 (1981); *Commonwealth v. Fuqua,* 267 Pa.Super. 504, 510, 407 A.2d 24, 27 (1979). Thus, it is incumbent upon a sentencing court, before it enters an order of restitution, to consider on the record (1) the amount of the loss suffered by a victim; (2) the fact that such loss was caused by conduct of the defendant; (3) that the amount awarded does not exceed the defendant's ability to pay; and (4) the type of payment that will best serve the needs of the victim and the capabilities of the defendant. *See* 18 Pa.C.S. § 1106(c)(1). *See also Commonwealth v. Seminko, supra* 297 Pa.Super. at 421, 443 A.2d at 1193; *Commonwealth v. Erb, supra* 286 Pa.Super. at 81, 428 A.2d at 582; *Commonwealth v. Fuqua, supra* 267 Pa.Super. at 510, 407 A.2d at 27.

■ The purpose of a sentence of restitution and "the reason for its imposition, is the rehabilitative goal it serves by 'impressing upon the offender the loss he has caused and his responsibility to repair that loss *as far as it is possible to do so.'* " *Commonwealth v. Kerr,* 298 Pa.Super. 257, 260, 444 A.2d 758, 760 (1982), quoting *Commonwealth v. Erb, supra* 286 Pa.Super. at 79, 428 A.2d at 581 and *Commonwealth v. Fuqua, supra* 267 Pa.Super. at 508, 407 A.2d at 26 (emphasis omitted and supplied). "If the amount of restitution imposed exceeds the defendant's ability to pay, the rehabilitative purpose of the order is disserved, especially where the restitution payment is a condition of probation [or parole], for in such a case the defendant is told that he will

(2) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just, provided that the period of time during which the offender is ordered to make restitution shall not exceed the maximum term of imprisonment to which the offender could have been sentenced for the crime of which he was convicted.

(3) May at any time alter or amend any order of restitution made pursuant to this section providing, however, that the court state its reasons and conclusions as a matter of record for any change or amendment to any previous order.

not be imprisoned only if he somehow satisfies a condition he cannot hope to satisfy." *Commonwealth v. Fuqua, supra,* 267 Pa.Super. at 509, 407 A.2d at 26 (footnote omitted).

In many instances, however, it will be necessary for a defendant to make substantial sacrifices in order to make restitution to the victims of his crimes. This is not an obstacle to an order requiring such restitution. Rather, where sacrifice is necessary, the probationer or parolee may learn to consider more carefully the consequences of his or her acts and thereby strengthen the offender's sense of responsibility. Thus, an order of restitution may properly require additional or alternative employment, a reduction of expenses, and even a temporary change in lifestyle in order to achieve that sense of responsibility which signals effective rehabilitation. The true rehabilitative purpose of restitution is well served when a probationer or parolee is called upon to make reasonable sacrifices in order to compensate those who have sustained losses as a result of his criminal conduct. The rehabilitative goal is defeated only when the payments ordered by the court are so unreasonable in view of the defendant's financial circumstances and ability to work that, despite good faith efforts, the defendant cannot hope to comply.

In the instant case, the amount of restitution ordered by the court is consistent with the losses sustained by the victims of the burglaries which appellant committed. It is also supported by evidence of appellant's ability to make restitution. Although he was at one time a drug addict, appellant is now employed, is drug free, and has neither physical nor mental infirmity that would prevent gainful employment. He is of average intelligence and takes home in salary an amount which exceeds his fixed expenses by $55 per week. The fact that his wife, whom he married several days before the restitution hearing, was unemployed did not alter his ability to make restitution and was properly held not to defeat the court's right to require the same. The order requiring appellant to make restitution, therefore, was proper.

Appellant also contends that it was error for the sentencing court to delegate discretion to the parole officer to determine the manner in which restitution payments were to be made. We agree that it is better practice for the sentencing court, rather than a probation officer, to determine the manner in which restitution is to be paid. *See Commonwealth v. Seminko, supra.* In the instant case, however, the court's delegation of authority was so limited, and the parole officer's discretion so narrowly defined that we are unable to find reason for remanding. Pursuant to the court's directions, appellant either was to pay the ordered restitution in one lump-sum payment or in periodic payments over the time of his parole. In the latter event, the amount and frequency of the periodic payments were to be worked out to the satisfaction of appellant and the parole officer. There was no error in such a procedure.

The order is affirmed.