463 A.2d 1127
**COMMONWEALTH of Pennsylvania**
v.
**Andrew VALENT, Appellant.**
Superior Court of Pennsylvania.
Submitted April 20, 1983.
Filed July 22, 1983.

146

Nancy Virginia Larkin, Assistant Public Defender, Doylestown, for appellant.

Michael J. Kane, District Attorney, Doylestown, for Commonwealth, appellee.

Before WICKERSHAM, ROWLEY and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from a restitution order in a burglary case. Under *Commonwealth v. Fuqua*, 267 Pa.Superior Ct. 504, 407 A.2d 24 (1979), the court imposing restitution must be sure that the amount awarded does not exceed the defendant's ability to pay. Concluding that the record below does not support the award made, we vacate and remand this matter for a full hearing on appellant's ability to pay, including his ability to acquire work, *inter alia*, as a model.

The appellant and his brother, Michael Valent, were arrested for the June 20, 1979 burglary of a home in Levittown, Bucks County, Pennsylvania. Appellant entered a plea of guilty to burglary, 18 Pa.C.S.A. 3502, and other releted charges on January 22, 1980. His brother entered a plea of guilty to the same charges on April 1, 1980. Appellant was then sentenced to five years probation plus costs conditioned upon restitution. However, at the times the guilty pleas were entered, the value of the items taken were disputed by the defendants.

A joint restitution hearing was held for appellant and his brother on May 30, 1980 before the Honorable Harriet M. Mims and the Honorable William Hart Rufe, III, in the Court of Common Pleas of Bucks County, wherein the victims, Irving Kaplan and his wife, Yetta, claimed that $58,250.00 was the value of the items taken in the burglary. At the conclusion of this hearing, the appellant and his brother denied taking all of the items alleged to have been stolen. Subsequently, the Honorable Harriet M. Mims ordered appellant's brother to reimburse the Kaplans in the amount of $4,000.00 in thirty-six (36) periodic installments of $112.00 each. No restitution order was issued in the appellant's case, however, until a hearing on August 28, 1981, wherein appellant's probation was revoked because of new charges. He was then sentenced on three counts of the Information *sub judice* to one to twenty-three (1 to 23) months in prison concurrent with the time he was serving on the new charges, and on three other counts of the

subject Information to a term of five (5) years probation consecutive to his incarceration. The restitution ordered was for the appellant to pay the Kaplans $29,125.00 or one half of the value of the amount of the items taken with the terms to be set out by the probation office.

Appellant filed Motion for Reconsideration, a hearing was held, and on October 5, 1981, the court issued an order denying appellant's Motion to Reduce Restitution ordered at the time of his sentence. This appeal followed.

Appellant raises two issues on appeal: (1) Is the $29,-125.00 restitution order excessive as exceeding one half of the victim's actual damages? (2) Does the ordered restitution exceed the appellant's ability to pay?

Dealing first with the issue of appellant's ability to pay, we note that at the time of this appeal appellant was on prison work release earning take-home pay of $145.00 per week as a cook. Minus weekly expenses, the appellant cleared $40.00 every week or $160.00 per month. If appellant pays out $112.00 in restitution each month, he will be left with $12.00 per week to use for his living expenses.

At the time of his original arrest, the appellant was attempting to enter the field of male modeling. He testified on April 21, 1980 that he could sign with a modeling agency in Philadelphia and with one in New York City and clear $60.00 per hour. At the reconsideration of restitution hearing held on October 2, 1981, the appellant testified that after he is paroled he might be able to get a job as a cook or doorman at a hotel in Philadelphia. He testified that it would take time and money to reenter the modeling field as it would necessitate compiling a new picture portfolio which can cost $1,000, hiring an agent, and traveling back and forth to New York City. After attempting to enter the modeling field for approximately one to two years, the appellant did appear in two trade journal magazines for which he was paid $50.00. Appellant stresses that he was not established as a model and in fact as of March 18, 1982, he was earning $4.53 per hour in New York City as a cook. Appellant's probation officer reported that the appellant

lost his job when his employers learned of his criminal record and has since returned to Philadelphia.

■ An order requiring restitution is authorized by Section 1106 of the Crimes Code of December 6, 1972, 18 Pa.C.S.A. 1106. It may be imposed either as a direct sentence or as a condition of parole. In either event, the order of restitution must be supported by the record. *Commonwealth v. Galloway,* 302 Pa.Superior Ct. 145, 448 A.2d 568 (1982); *Commonwealth v. Wood,* 300 Pa.Superior Ct. 463, 467, 446 A.2d 948, 949 (1981); citing *Commonwealth v. Seminko,* 297 Pa.Superior Ct. 418, 420, 443 A.2d 1192, 1193 (1982); *Commonwealth v. Erb,* 286 Pa.Superior Ct. 65, 81, 428 A.2d 574, 582 (1981); *Commonwealth v. Fuqua,* 267 Pa.Superior Ct. 504, 510, 407 A.2d 24, 27 (1979).

■ When imposing restitution, there are four factors to be considered by the sentencing court: (1) the amount of loss suffered by the victim; (2) the fact that defendant's action caused the injury; (3) the amount awarded does not exceed defendant's ability to pay; (4) the type of payment that will best serve the needs of the victim and the capabilities of the defendant. *Commonwealth v. Wood,* supra; *Commonwealth v. Fuqua,* supra.

■ The sentencing court did consider the above factors during the restitution hearing, but we hold that appellant is entitled to a new hearing on the question of his ability to pay. The court apparently ordered a higher amount of restitution for appellant based on its finding as ascribed to in its opinion that appellant was "established" as a male model and had the ability to earn either $60.00 or $30.00 per hour net. The record does not support this finding.

■ Our court has determined that a defendant may well have to make substantial sacrifices in order to make restitution to the victims of his crime thereby serving the true rehabilitative purpose of restitution. *Commonwealth v. Wood,* supra. However, the true "rehabilitative goal is defeated only when the payments ordered by the court are so unreasonable in view of the defendant's financial circum-

150

stances and ability to work that despite good faith efforts, the defendant cannot hope to comply." *Commonwealth v. Wood*, supra. We understand the court's concern that the victims be fully compensated, but this should not overshadow its duty to promote appellant's rehabilitation. Therefore, the amount of restitution ordered should not exceed appellant's ability to pay. *Commonwealth v. Williams*, 299 Pa.Superior Ct. 278, 445 A.2d 753 (1982).

We not reach the second issue raised that the $29,125.00 restitution order was excessive as it exceeds one-half of the victim's damage, but we do note that previously we have found that a defendant convicted of theft by unlawful taking could be directed to make restitution even though the victim did receive compensation from his insurer for the loss sustained. *Commonwealth v. Kerr*, 298 Pa.Superior Ct. 257, 460–61, 444 A.2d 758, 760 (1982).

The Order of Restitution is vacated and the case remanded for a full hearing on the potential ability of appellant to acquire work, *inter alia*, as a model. Jurisdiction is relinquished.