**In re Diane Marie ZAJDER, Debtor.**

**Diane Marie ZAJDER, Plaintiff,**

v.

**HILLS DEPARTMENT STORE and Blair County Office of Costs and Fines, Defendants.**

Bankruptcy No. 92–23084–BM.

Adversary No. 92–0433–BM.

United States Bankruptcy Court, W.D. Pennsylvania.

May 25, 1993.

Beverly Jean Ullein, Blair County Legal Services, Altoona, PA, for plaintiff/debtor.

Benjamin H. Claar, Jr., Hollidaysburg, PA, for defendant/Blair County Office of Costs and Fines.

Office of United States Trustee, Pittsburgh, PA.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Plaintiff Diane Marie Zajder ("debtor") seeks a determination that a debt arising out of a restitution order entered against her in criminal proceedings is dischargeable. Debtor's restitution obligation, based on 19 Pa.C.S.A. § 4105(e), is owed to defendant Hills Department Store ("Hills"), which is joined with the Blair County Office of Costs and Fines ("County") in the proceeding.

Debtor argues that her restitution obligation is not excepted from discharge under 11 U.S.C. § 523(a)(7) because her fine is for "actual compensation of the victim" and not "for the benefit of a governmental unit", as required by the exception. Debtor further claims that her restitution obligation is not excepted from discharge due to fraud pursuant to 11 U.S.C. § 523(a)(2)(A).

Additionally, debtor argues that the failure of defendant Hills to file an objection to discharge prejudices the interests of County and that denying a discharge of debtor's restitution obligation would create a preference in favor of defendants over her other creditors.

Defendants counter that debtor's restitution obligation is excepted from discharge under § 523(a)(7) and § 523(A)(2)(a).

The restitution order is not dischargeable for reasons set forth below.

—I—

### FACTS

Debtor purchased merchandise from Hills in three (3) separate transactions and paid for this merchandise by presenting three (3) checks totalling $485.81 to Hills on the following dates:

(1) Check No. 180 for $170.65, on December 15, 1990;

(2) Check No. 185 for $125.57, on December 16, 1990; and

(3) Check No. 186 for $189.59, on December 16, 1990.

Debtor's bank account did not contain sufficient funds to make payment of these checks. Accordingly, all three checks were not honored by her bank.

A consolidated criminal action containing three counts relating to these three dishonored checks was filed in the Court of Common Pleas of Blair County, Pennsylvania, at No. 91 CR, against debtor under the provisions of 18 Pa.C.S.A. § 4105.

Pursuant to a plea agreement, debtor entered a guilty plea on June 7, 1991 to all counts against her. The sentencing order in part required payment of restitution in the amount of $545.81 in favor of Hills. This amount included repayment of $485.81 for dishonored checks and $60.00 for service charges imposed upon Hills.

Debtor does not dispute the nondischargeability of the additional costs imposed upon her: a fine of $150.00 and court costs of $83.00. Only the nondischargeability of the restitution portion of the sentence is in dispute.

County is the governmental agency assigned responsibility for the collection of all monetary payments for costs, fines, and restitution ordered by the Court of Common Pleas of Blair County, including those specific payments required from debtor under the June 7, 1991 sentencing order.

On October 2, 1992, debtor was ordered by this court to join County as an indispensable party with defendant Hills within ten (10) days. Debtor complied.

To date, debtor has made payments totalling $49.00 to County. This amount has been applied to defendant's obligation to pay court costs.

Defendant Hills had notice of the original Complaint To Determine Dischargeability, the Amended Complaint To Determine Dischargeability, and the Argument scheduled for January 8, 1993 before this court. It has chosen not to participate in these proceedings. Neither Hills nor County has filed an objection to the dischargeability of the debt in the sum of $545.81.

—II—

## ANALYSIS

The leading case on dischargeability of a restitution order entered in a criminal proceeding is *Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). The issue as framed by the court in *Kelly* was "whether restitution obligations, imposed as conditions of probation in state criminal proceedings, are dischargeable in proceedings under chapter 7 of the Bankruptcy Code." 479 U.S. at 37, 107 S.Ct. at 355.

In coming to a negative conclusion, the court stated that:

Courts traditionally have been reluctant to interpret federal bankruptcy statutes to remit state criminal judgments.

479 U.S. at 44, 107 S.Ct. at 358.

The court's decision in large measure was based upon its analysis of the treatment of criminal judgments under the Bankruptcy Act of 1898, predecessor to the present Bankruptcy Code. It concluded that under the old Bankruptcy Act, most courts *refused* to permit a discharge in bankruptcy to affect the judgment of a state criminal court:

This reasoning was so widely accepted by the time Congress enacted the new Code that a leading commentator could state flatly that "fines and penalties are not affected by a discharge".

*Id.* 479 U.S. at 45, 107 S.Ct. at 358.

In concluding that Congress had no intention to reverse this long-standing legal tradition that had taken the status of precedent, the court opined that a determination by Congress to reverse tradition must be express and intent specific. *Id.* 479 U.S. at 47, 107 S.Ct. at 360. Finding no such intent, express or implied, the court concluded that an order of restitution is not dischargeable under the present Code at the conclusion of a chapter 7 case. To the contrary, the court had "a deep conviction that a federal bankruptcy court should not invalidate the result of a state criminal proceeding". *Id.*

■ In the case at hand, which incidentally factually resembles the *Kelly* case, debtor makes arguments similar to those

rejected by the Supreme Court. In the unlikely event debtor is unaware, we advise that the bankruptcy court is mandated to follow the teachings of the Supreme Court. We clearly have no authority to reverse.

Accordingly, when debtor argues that the order of restitution is nqt excepted from discharge as it is compensation to actual pecuniary loss, we point her to *Kelly* wherein the highest court of the land stated:

> The criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole. Thus, it is concerned not only with punishing the offender, but also with rehabilitating him. Although restitution does resemble a judgment "for the benefit of" the victim, the context in which it is imposed undermines that conclusion. The victim has no control over the amount of restitution awarded or over the decision to award restitution. Moreover, the decision to impose restitution generally does not turn on the victim's injury, but on the penal goals of the State and the situation of the defendant. As the Bankruptcy Judge who decided this case noted in *Pellegrino:* "Unlike an obligation which arises out of a contractual, statutory or common law duty, here the obligation is rooted in the traditional responsibility of a state to protect its citizens by enforcing its criminal statutes and to rehabilitate an offender by imposing a criminal sanction intended for that purpose."

479 U.S. at 52, 107 S.Ct. at 362.

Debtor points out that the Connecticut statute analyzed in *Kelly*, unlike the Pennsylvania statute herein, explicitly mentions probation and rehabilitation. The Supreme Court, however, did **not** hold that the § 523(a)(7) exception to dischargeability required explicit reference to the State's interests in imposing restitution. Rather, the Court apparently considered those interests to be *inherent* in such a penalty:

> The sentence following a criminal conviction necessarily considers the penal and rehabilitative interests of the State. Those interests are sufficient to place

restitution orders within the meaning of § 523(a)(7).

479 U.S. at 53, 107 S.Ct. at 363.

Moreover, in *Commonwealth v. Balisteri*, the Superior Court of Pennsylvania held that a restitution sentence *proportional to the harm caused and "not excessive or speculative"* was an appropriate means of rehabilitation. *Balisteri*, 329 Pa.Super. 148, 155, 478 A.2d 5, 9 (1984). The criminal statute at issue in that case, 18 Pa.C.S.A. § 1106, obligated the debtor to compensate the victim for personal injury directly resulting from debtor's crime, but the principle is equally as applicable to the case at bar:

> The purpose of restitution is rehabilitation of the offender by impressing upon him or her the loss he or she has caused and that it is his or her responsibility to repair that loss as far as it is possible to do so. (citations omitted).

*Balisteri*, 329 Pa.Super. at 155, 478 A.2d at 9.

In *Commonwealth v. Wood*, 300 Pa.Super. 463, 468, 446 A.2d 948, 950 (1982), the Superior Court affirmed a restitution order which was commensurate with the losses sustained by burglary victims. The Superior Court held that the true rehabilitative purpose of restitution is only served when a debtor is called upon to make *reasonable* sacrifices in order to *compensate those who have sustained losses* as a result of the debtor's criminal conduct. *Id.*, 300 Pa.Super. at 467, 446 A.2d at 950. If the amount of restitution imposed exceeds the defendant's ability to pay, the rehabilitation purpose of the order is thwarted. *Id.*

Accordingly, under Pennsylvania law, the restitution portion of the statute at issue in this case, which directs debtor to reimburse the victim for the face amount of the bad checks written, serves a rehabilitative purpose.

Debtor raises other issues discussed and dismissed in *Kelly*, such as failure to object to discharge, or defendant's failure to prove fraud. Further discussion of these meritless arguments does not appear needed as the *Kelly* rationale relating to the State's failure to object applies equally to

Hills and, as the basis of the of the Opinion is not founded at § 523(a)(2)(A).

█ Debtor does however, raise one clever argument which, although meritless, requires a sentence or two. Specifically, debtor avers that by prohibiting the discharge of this obligation, a preference is created favoring these defendants to the detriment of other creditors. The words are not expressed; however, debtor *must* be averring that this is a no asset case and no creditors are intended to receive or will receive even one penny payment on their debt. Debtor impliedly continues that by permitting this debt to be nondischargeable, these defendants have a potential to receive some payment on the obligation.

At first blush it must admitted that this argument has a ring of plausibility to it. Further contemplation reveals the ring to be socratic rather than true.

Generally, a preference arises when one creditor receives payment and is required to disgorge it so that all creditors can receive equal payments. In response thereto, it must be stated that neither defendants are holding themselves out in this proceeding to be creditors of debtor.

The provisions of the bankruptcy act have reference alone to civil liabilities, as demands between debtor and creditors, as such, and not to punishment inflicted *pro bono publico* for crimes committed. *In re Moore*, 111 F. 145, 148–149 (W.D.Ky. 1901).

Additionally, there is no assurance that any funds will be paid. This debtor acknowledges that a portion of the criminal court order is not dischargeable but in fact, to this late date, has not seen fit to comply with even this criminal sanction. With the substantial passage of time, the overcrowded conditions of prison, and the fact that few criminal defendants are incarcerated for failure to pay money, it is not certain that any funds will be paid.

In the normal preference situation, one exalted creditor is reduced and the other creditors raised. Here, debtor wants these defendants reduced to a zero status so as to share this position with the others who will receive a zero payment. This clearly is not a preference situation, unless a preference means that a creditor receiving some small amount of justice must be removed from the justice category and share injustice with other creditors. Before this position is accepted in this court, a court having authority to order same must so declare.