J-S79029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM L. MESSICK | : | |
| | : | |
| Appellant | : | No. 2075 EDA 2017 |

Appeal from the PCRA Order June 13, 2017
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0000667-2011

BEFORE:  GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JANUARY 03, 2018**

William L. Messick appeals from an order denying his motion to strike his probation revocation sentence, treated as a petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  After careful review, we reverse in part.

On June 20, 2011, Messick entered a negotiated guilty plea to theft by failing to make required disposition of funds (M-1), after he solicited a $250,000 investment "loan" from the victim to fund a proposed development in New Britain Township, Bucks County.[2]  Beginning in April 2010, a county detective and New Britian Township police detective conducted an extensive investigation into Messick's questionable business practices that ultimately led

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 3927(a).

to the Commonwealth charging Messick with various theft offenses for having converted the victim's funds to his own personal use.[3]  On August 22, 2011,[4] the court held a guilty plea hearing and imposed the following sentence on the record:

> On **Commonwealth v. William L. Messick**, 667 of 2011, it's directed as follows:  You're to pay the costs of prosecution.  You're placed on probation for a period of five years, to be supervised by the Bucks County Probation and Parole Department.  **Conditions of that probation are that you pay restitution in the amount of $250,000 to** [**the victim,**] **Joseph Logan.**
>
> In addition, I'll direct that pursuant to the terms of the agreement [Messick] be permitted to travel outside of the Commonwealth of Pennsylvania in order to carry out business, with the anticipated purpose of securing sufficient financial resources to pay this restitution as soon as possible.

N.T. Guilty Plea Hearing, at 8/22/11, 5-6 (emphasis added).  At the plea hearing, defense counsel noted that the parties agreed the restitution "would be paid off during the period of the five[-]year probation."  **Id.** at 4.

---

[3] Messick was also originally charged with receiving stolen property, theft by deception, deceptive business practices, dealing in proceeds of unlawful activities.  The Commonwealth, however, agreed to *nolle pros* these charges in exchange for Messick's negotiated guilty plea.

[4] We note that on March 9, 2016, Pennsylvania Rule of Criminal Procedure 705.1 (Restitution) was adopted; the rule became effective July 1, 2016, *after* Messick's guilty plea sentence was entered.  Under Rule 705.1(B)(6), a judge is now required "[i]n any case in which restitution is imposed, . . . [to] state in the sentencing order . . . whether the restitution has been imposed as a part of the sentence and/or as a condition of probation."

In January 2012, a **Gagnon I**[5] hearing was held after Messick failed to make his court-ordered restitution payments. Following the hearing, the court found probable cause existed to show that Messick had failed to make the restitution payments; as a result, he was ordered to make $500 payments for January, February, and March 2012, and also directed to obtain legitimate employment within 30 days of the hearing. **Gagnon I** Order, 1/5/12, at 2. In September 2012, the Probation Office requested another probation violation hearing be held after Messick again failed to pay restitution on his 2011 guilty plea sentence. In January 2014, the court reset Messick's restitution payment plan to $1,000/month, effective February 10, 2014.

In October 2016, the Adult Probation Officer/District Attorney of Bucks County *praecipied* the trial court for another probation violation hearing, alleging that Messick violated his probation by once again failing to make the required restitution payments to the victim by his supervision maximum date. On November 16, 2016, the parties entered into a stipulation noting the following: Messick had violated the terms of his probation by failing to pay his restitution in full by his supervision maximum date (8/22/16); no one had opposed the stipulation; and restitution must be paid in full to close the case. Stipulated Violation of Probation Agreement, 12/8/16, at 1. Messick signed

---

[5] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973). A **Gagnon I** hearing is a pre-revocation hearing where, based upon due process principles, a determination is made regarding whether probable cause exists to believe that a probation or parole violation has been committed. **Commonwealth v. Ferguson**, 761 A.2d 613 (Pa. Super. 2000).

the stipulation, acknowledged the facts, waived his right to a formal probation violation hearing, and agreed that he would be sentenced as follows:

> AND NOW, this 18th day of November, 2016, in view of the attached, it is hereby ordered and directed that William Messick be found in violation of probation pursuant to the attached stipulation, probation be revoked, and he be **re[]sentenced to five (5) years**[′] **probation**, with the following agreed[-]upon special conditions:
>
> 1. **Continue to pay restitution**[;]
>
> 2. Probation shall be non-reporting[; and]
>
> 3. Case may close once restitution is paid in full with no further violations.

*Id.* at 2 (emphasis added). On November 18, 2016, the trial court entered an order setting forth the same terms of Messick's probation revocation sentence as indicated in the parties' Stipulated Violation of Probation Agreement.

On February 15, 2017, Messick filed a "Motion to Strike Resentence Order of November 18, 2016," challenging the legality of his probation violation sentence on the bases that the trial court lacked jurisdiction and statutory authority to impose the sentence. The trial court treated Messick's motion as a timely-filed PCRA petition.[6] On May 18, 2017, the court filed a

---

[6] The PCRA remains the sole method for obtaining post-trial collateral relief, regardless of the manner in which the petition is titled. *See Commonwealth v. Hutchins*, 760 A.2d 50, 52 n.1 (Pa. Super. 2000). Moreover, we do not interpret Messick's motion as one requesting modification or amendment of restitution, which is permissible at any time. *See Commonwealth v. Stradley*, 50 A.3d 769, 772 (Pa. Super. 2012) (under 18 Pa.C.S. § 1106(c)(3), defendant may seek modification or amendment of restitution order at any time directly from trial court).

Pa.R.Crim.P. 907 notice of its intent to dismiss Messick's petition; Messick responded to the notice on June 5, 2017. On June 13, 2017, the court dismissed Messick's petition. This timely appeal follows.

On appeal, Messick raises the following issues for our consideration:

(1)   Whether a sentencing court creates an ambiguity that must be resolved in favor of the defendant where the court does not inform the defendant at the time of sentencing that a probationary sentence with restitution was imposed under the statutory authority of title 18 [of the] Crimes Code instead of title 42 [of the] Sentencing Code.

(2)   Whether a probationary sentence with restitution imposed for the primary purpose of making the victim whole does, in effect, create a debtor–creditor relationship between defendant and victim tantamount to an award of damages in a civil case, thus constituting an illegal sentence because it derogates the authority of both the [C]rimes [C]ode and, more significantly, the Sentencing Code.

Appellant's Brief, at 5.

We first note that the standard of review of an order denying a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Johnston*, 42 A.3d 1120, 1126 (Pa. Super. 2012).

Messick argues that the sentencing court lacked the authority to resentence him to another 5-year term of probation or impose continued restitution, after the five-year maximum date for which he could have been sentenced for his original crime had expired.

In the context of a criminal case, restitution may be imposed either as a direct sentence, 18 Pa.C.S. § 1106(a), or as a condition

- 5 -

of probation, 42 Pa.C.S. § 9754. When imposed as a sentence, the injury to property or person for which restitution is ordered must directly result from the crime. ***See*** 18 Pa.C.S.A. § 1106(a); [***Commonwealth v.***] ***Harner***, [] 617 A.2d [702,] 704 [(Pa. Super. 1992)[7]]. However, when restitution is ordered as a condition of probation, the sentencing court is accorded the latitude to fashion probationary conditions designed to rehabilitate the defendant and provide some measure of redress to the victim. ***Harner***, [] 617 A.2d at 706. As this Court stated in ***Harner***:

> Such sentences are encouraged and give the trial court the flexibility to determine all the direct and indirect damages caused by a defendant and then permit the court to order restitution so that the defendant will understand the egregiousness of his conduct, be deterred from repeating this conduct, and be encouraged to live in a responsible way.

> [***Id.***] at 707; ***see also Commonwealth v. Walton***, [] 397 A.2d 1179, 1185 ([Pa.] 1979). Thus, the requirement of a nexus between the damage and the offense is relaxed where restitution is ordered as a condition of probation. ***See Harner***, [] 617 A.2d at 707 & n.3; ***see also*** 42 Pa.C.S. § 9754(c)(8).

***Commonwealth v. Holmes***, 155 A.3d 69 (Pa. Super. 2017) (en banc)

(opinion in support of affirmance).

Restitution, imposed as a direct sentence, is set forth at 18 Pa.C.S § 1106 as follows:

§ 1106. **Restitution for injuries to person or property**.

(a) General rule. — Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly

---

[7] ***Harner*** predates the 1995 amendments to the Sentencing Code which now do not require that a sentencing court consider "what loss or damage has been caused, and what amount of restitution [a defendant] can afford to pay, and how it should be paid" when ordering restitution under the Code. ***See Commonwealth v. Colon***, 708 A.2d 1279, 1282 (Pa. Super. 1998).

resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

18 Pa.C.S. § 1106(a). In addition, "[w]henever restitution has been ordered pursuant to subsection (a) and the offender has been placed on probation or parole, his compliance with such order may be made a condition of such probation or parole." 18 Pa.C.S. § 1106(b) ("Condition of probation or parole").

Here, the trial court's original 2011 oral and written sentence characterizes restitution as a condition of Messick's probation. However, in its Rule 907 notice and Pa.R.A.P. 1925(a) opinion, the trial court states that it imposed restitution as a *direct sentence*, not a condition of Messick's probation. **See** Pa.R.Crim.P. 907 Notice, 5/18/17, at ¶ 14; Pa.R.A.P. 1925(a) Opinion, 8/10/17, at 4. Specifically, the court noted that the true intent behind its restitution sentence was penal in nature, not rehabilitative, as it was intended to compensate the victim for his loss, which was a "direct result" of the offense (theft) for which Messick had pled guilty. **See Commonwealth v. Wright**, 722 A.2d 157, 160 (Pa. Super. 1998) (victim's loss is direct result of defendant's offense when it "flows from the conduct that is the basis of the crime for which . . . [the] defendant is held criminally accountable."); **see also Commonwealth v. Wood**, 446 A.2d 948, 950 (Pa. Super. 1982) (sentence of restitution is designed to impress "upon the offender the loss he has caused and his responsibility to repair that loss as far as it is possible to do so.") (citation and internal quotations omitted).

As the restitution statute states, a defendant's compliance with an order of restitution as a direct sentence under section 1106 may be made a condition of his or her probation. *See* 18 Pa.C.A. § 1106(b). That was the case here. The amount of restitution ordered is exactly the amount of funds that Messick converted from the victim. ***Commonwealth v. Harriott***, 919 A.2d 234, 238 (Pa. Super. 2007) (citation omitted) (restitution is a proper sentence only if there is a "direct causal connection between the crime and the loss."). Moreover, the intent behind the court's restitution order was to compensate the victim for his loss. *See* N.T. Negotiated Guilty Plea Hearing, 8/22/11, at 4 (defense counsel stating, "I promise you I will stay on top of Mr. Messick to get this thing repaid quickly."); *id.* (defendant stating, "I want to get it paid off as soon as possible as well.").

Therefore, because restitution was a component of Messick's direct sentence, not a condition of his probation under section 9754, the court had no basis upon which to conclude that he had committed a technical violation of his probation and resentence him to an additional five-year term of probation. *See* 18 Pa.C.S. § 1104(1) ("person who has been convicted of a misdemeanor may be sentenced to imprisonment for a definite term which shall be fixed by the court and shall be not more than . . . [f]ive years in the case of a misdemeanor of the first degree."). Thus, we reverse that portion

of the PCRA order denying Messick relief from his probationary resentence. *See* 42 Pa.C.S. § 9754.[8]

With regard to the propriety of the court's order mandating Messick continue to pay restitution, we note that when restitution is issued under section 1106(a), it is enforceable until paid. *See* 18 Pa.C.S.A. § 1106(c)(1)(ii); *see also Commonwealth v. Griffiths*, 15 A.3d 73, 75 (Pa. Super. 2010). In *Griffiths*, our Court held that the trial court retained the authority to enforce its restitution order and find the defendant in contempt for non-compliance with his restitution payments even after the defendant had finished his term of incarceration. There, the trial court had similarly imposed restitution as a direct sentence under section 1106(a). When the defendant had paid less than half of the ordered amount by the time his sentence expired and the defendant repeatedly ignored the court's delinquency notices, the court, through its contempt power, ordered the defendant to serve six months of incarceration, make a $2,500 lump sum payment, and pay $500/month until the full amount of restitution was paid. *Id.* at 75. In affirming the trial court's contempt order, our Court noted that

---

[8] We also recognize that, despite the fact that Messick signed a stipulation with regard to this resentence, a criminal defendant cannot agree to an illegal sentence. *Commonwealth v. Gentry*, 101 A.3d 813, 819 (Pa. Super. 2014) (finding sentencing order which imposed $1.00 of restitution "as an interim value for Probation to determine at a later date" was illegal under 18 Pa.C.S. § 1106; defendant's agreement to term as part of negotiated plea was of "no legal significance.").

the current version of section 1106(c)(2)(ii), "deleted the time limits originally contained in subsection (c)(2)(ii)."[9] *Id.* at 78. "Now, an order of restitution is enforceable until paid." *Id. Cf. Commonwealth v. James*, 771 A.2d 33 (Pa. Super. 2001) (under pre-1998 version of section 1106(c)(2)(ii), trial court's power to enforce restitution order as part of direct sentence limited to maximum period of time to which defendant could have been sentenced).

Because Messick was sentenced in 2011, the current version of section 1106(c)(2)(ii) applied to his sentence. Accordingly, the trial court retains the authority to enforce Messick's order of restitution, attached to his direct sentence of probation under section 1106, until it is fully paid. 18 Pa.C.S. § 1106(c)(2)(ii); *Griffiths*, *supra*.

Thus, we conclude that the court had no basis upon which to impose an additional term of probation when Messick did not violate his probation, as his restitution sentence was part of his direct sentence and not a condition of his probation. Such a sentence is illegal and he is entitled to relief under the

---

[9] The General Assembly amended section 1106(c)(2)(ii), effective December 3, 1998, by deleting the following highlighted text:

> (ii) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just, **provided that the period of time during which the offender is ordered to make restitution shall not exceed the maximum term of imprisonment to which the offender could have been sentenced for the crime of which he was convicted**.

*See* Act 1998-121 (H.B. 413), P.L. 933, § 1 (emphasis added).

PCRA. **See** 42 Pa.C.S. § 9543(a)(1)(i); **id.** at § 9543(a)(2) (vii). However, with regard to the court's resentencing order mandating Messick to continue to pay restitution, we conclude that the trial court retains the continuing authority to enforce its direct order of restitution against Messick until it is fully paid. **See** 18 Pa.C.S. § 1106(c)(2)(ii). It may use its full contempt power as a means to enforce that portion of his original sentence. **Griffiths**, **supra**; 18 Pa.C.S. § 1106(f).

Order reversed in part.[10] Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/3/2018

---

[10] In particular, we only reverse that portion of the PCRA court's order denying Messick relief on the trial court's 5-year probationary resentence. The portion of the resentencing order subjecting Messick to continue to pay restitution, however, is proper as we have discussed **infra**.