**In re Bernard M. GELB, Debtor.**

**UNITED STATES of America, Plaintiff,**

**v.**

**Bernard M. GELB, Defendant.**

**Bankruptcy No. 193–18109–260.**
**Adv. No. 193–1520–260.**

United States Bankruptcy Court,
E.D. New York.

Sept. 18, 1995.

Norman A. Kaplan, Great Neck, New York, for Debtor/Defendant.

Zachary W. Carter, United States Attorney, Eastern District of New York, by Roseanne M. Harvey, Assistant United States Attorney, Brooklyn, New York, for Plaintiff.

### DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

CONRAD B. DUBERSTEIN, Chief Judge.

This is an adversary proceeding in which Plaintiff, United States of America ("Plaintiff" or "the Government") seeks to have a federal criminal judgment of restitution in the sum of $5 million (the "restitution order") imposed upon Bernard M. Gelb ("Debtor" or "Defendant") declared non-dischargeable pursuant to Bankruptcy Code sections[1] 523(a)(2)(A), 523(a)(4) and 523(c)(1).[2]

The instant matter comes before this Court on the Debtor's motion for (1) an order

---

1. Unless otherwise indicated, all section and rule references are to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* and to the Federal Rules of Bankruptcy Procedure, Rule 1001 *et seq.*

2. Section 523(a) provides that a discharge under section 727 ... does not discharge an individual from any debt, as follows:

    523(a)(2)(A): for money, property services, or an extension, renewal or refinancing or credit, to the extent obtained by—false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; ...

    523(a)(4): for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; ...

    Section 523(c)(1) provides in pertinent part, as follows:

    Except as provided in subsection (a)(3)(B) ... the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, ... the court determines such debt excepted from discharge under paragraph (2), (4), (6), or (15)....

granting summary judgment pursuant to Fed.R.Civ.P. 56(c)[3] and Rule 7056 declaring the Government's restitution order dischargeable and (2) for a declaration that a previously established "bar date" of July 27, 1992 remains unchanged. The Government not only opposes the Debtor's motion in its entirety but simultaneously moves for partial summary judgment for an order declaring the restitution order nondischargeable by operation of the discharge provisions set forth in section 523(a)(7).[4]

For the reasons hereinafter set forth, the Debtor's motion for summary judgment is denied in its entirety. This Court finds that the debt evidenced by the restitution order is non-dischargeable under section 523(a)(7). Accordingly, the Government's motion for partial summary judgment is granted.

## FACTS

The Debtor, as president of EDP Computer Systems, Inc., participated in a scheme designed to defraud the United States Postal Service of postage revenue through postage meter tampering and bribery. On October 20, 1988, in an action instituted in the United States District Court for the Eastern District of New York, the Debtor was convicted of one count of violating the Racketeer Influenced and Corrupt Organizations Act ("RICO") under 18 U.S.C. § 1962(c), one count of mail fraud under 18 U.S.C. § 1341, fifty counts of bribery under 18 U.S.C. § 201(b)(1)(C) and three counts of tax fraud under 26 U.S.C. § 7206(1). The aforesaid convictions resulted in the sentencing of the Debtor to imprisonment, payment of $101,-000 in fines and the issuance of a $5 million restitution order. The aforesaid restitution order was issued pursuant to the Victim and Witness Protection Act, 18 U.S.C. § 3663 (1986) ("VWPA").[5]

On August 1, 1989, the Second Circuit Court of Appeals affirmed the Debtor's convictions and on September 3, 1992, that court affirmed the restitution order.

On April 9, 1992, while incarcerated, the Debtor filed his petition for relief under chapter 7 with the United States Bankruptcy Court for the Western District of Pennsylvania ("Pennsylvania bankruptcy court"). On May 1, 1992, the Pennsylvania bankruptcy court issued a notice setting July 27, 1992 as the deadline for filing objections to discharge or dischargeability of certain debts. Debtor refers to this date as the "bar date."

While this case was pending in the Pennsylvania bankruptcy court, the Government commenced the instant adversary proceeding on July 21, 1992. Pending the outcome of the Government's motion for change of venue pursuant to 28 U.S.C. § 1412, the instant adversary proceeding was stayed after issue was joined. After the exhaustion of the Debtor's appeals, venue was changed to this District by order of the Third Circuit Court of Appeals. Thereafter, the entire case file was transferred to this Court on September 22, 1993. A new section 341 creditors' meeting was scheduled for November 2, 1993 and, as a result thereof, the deadline for filing objections to the Debtor's discharge or to dischargeability of a certain debt was set down for January 3, 1994.

In addition to an order granting summary judgment declaring his $5 million debt represented by the restitution order to be dischargeable pursuant to section 727, the Debtor also seeks a declaration that the July 27, 1992 "bar date" be retained notwithstanding the subsequent transfer of venue.

The Government opposes the Debtor's motion and seeks a judgment as a matter of law

---

3. Fed.R.Civ.P. 56(c) provides in pertinent part, as follows:

> [T]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

4. *See* section 523(a)(7) discussed *infra*.

5. Section 3663(a)(1) of the Victim and Witness Protection Act provides, in pertinent part, as follows:

> The court, when sentencing a defendant convicted of an offense under this title [Title 18] ... may order, in addition to or in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of the offense.

18 U.S.C. § 3663(a)(1).

that the debt represented by the restitution order is preserved from discharge under the provisions of section 523(a)(7).

## DISCUSSION

### Dischargeability Of The Restitution Order

■ Summary judgment is appropriate when the Court determines that "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (*quoting* Fed. R.Civ.P. 56(c)) *cert. denied*, 484 U.S. 1066, 108 S.Ct. 1028, 98 L.Ed.2d 992 (1988); *see also Skouras v. United States*, 26 F.3d 13 (2d Cir.1994); *Bank of India v. Sapru (In re Sapru)*, 127 B.R. 306, 319 (Bankr.E.D.N.Y. 1991). The burden rests upon the moving party to clearly establish the absence of any genuine issue as to any material fact. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53.

■ In the instant matter, the parties agree that there are no questions of material fact as to whether the obligation evidenced by the restitution order is dischargeable and, therefore, the issue is proper for determination on summary judgment as a matter of law. Thus, the issue before the Court is whether the $5 million restitution obligation imposed upon the Debtor is non-dischargeable under the provisions of section 523(a)(7).[6]

■ Section 523(a)(7) creates a broad discharge exception for all penal sanctions and preserves from discharge any debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss...." 11 U.S.C. § 523(a)(7).

The Debtor argues that the United States Supreme Court has ruled that (1) restitution orders are "debts" within the meaning of section 101(12)[7] and (2) that the subject restitution order in the amount of $5 million is a debt constituting compensation for actual pecuniary loss and, therefore does not fall under the exception to discharge set forth at section 523(a)(7).

In support of his argument, the Debtor relies upon *Pennsylvania Department of Public Welfare v. Davenport*, 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990) in which the United States Supreme Court held that a state restitution obligation was a "debt" within the meaning of section 101(11) [now 101(12)] and was dischargeable under chapter 13.

The *Davenport* result was grounded on the fact that the debtors in that case filed their petition under chapter 13 and not chapter 7. Noting that chapter 13 has a broader discharge provision than does chapter 7, and recognizing that the debt in that case did not fall under one of the chapter 13 exceptions, the Court held that obligations of restitution could be discharged under chapter 13. *Id.* at 560–564, 110 S.Ct. at 2132–2133. However, aside from the general holding that a restitution obligation is a "debt," *Davenport* does not apply because the instant matter involves a chapter 7 case. Furthermore, for the reasons discussed below, *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986) controls the case before this Court.

Notably, Congress soon thereafter overruled the *Davenport* holding that restitution orders were dischargeable in chapter 13 proceedings in P.L. 101–581, § 3, 104 Stat. 2865 (1990), codified at 11 U.S.C. § 1328(a)(3). The legislative history of section 1328(a)(3) reveals Congress' obvious dissatisfaction with the *Davenport* decision and asserts its goals to bar "the use of Chapter 13 by convicted criminals seeking to discharge court-ordered restitution payments, and [to codify] the result in *Kelly v. Robinson*, 479 U.S. 36, 107

---

**6.** This Court notes that section 523(a) was amended by the Violent Crime Control and Law Enforcement Act of 1994, Public Law Number 103–322 [enacted on September 13, 1994] to include section 523(a)(13) which specifically excepts from discharge "any payment of an order of restitution issued under title 18, United States

Code." However, that provision is not retroactive and, therefore, is not dispositive herein.

**7.** Section 101(12) defines a "debt" as "liability on a claim." A "claim" is defined at section 101(5) as a "right to payment."

S.Ct. 353, 93 L.Ed.2d 216 (1986)...."
S.Rep. No. 434, 101st Cong., 2d Sess. 8 (1990), *reprinted in* 1990 U.S.Code & Admin.News 4071.

In *Kelly v. Robinson, id.,* the United States Supreme Court established the rule that restitution orders in state criminal cases fall within the scope of section 523(a)(7) and are therefore non-dischargeable. The Supreme Court stated that "[t]he sentence following a criminal conviction necessarily considers the penal and rehabilitative interests of the State. Those interests are sufficient to place restitution orders within the meaning of § 523(a)(7)." *Id.* at 479 U.S. 53, 107 S.Ct. at 363.

Although *Kelly* dealt with a *state* restitution order, subsequent to *Kelly,* courts that have considered the dischargeability of a *federal* judgment of restitution have relied upon *Kelly's* authority and have uniformly held that *federal* restitution orders are non-dischargeable in chapter 7 proceedings as well.[8]

Notwithstanding the foregoing, the Debtor argues that the restitution order in this case is not "affected by *Kelly* because it is not a 'fine, penalty, or forfeiture payable to a governmental unit,' but rather it represents the amount of loss suffered by the United States Postal Service and thus is clearly compensa-

tion for the pecuniary loss suffered by the victim, who in this case is the Government.[9] Additionally, the Debtor claims that the restitution order does not resemble a penal sanction because he was punished separately by imprisonment and the imposition of fines.

As indicated above, the instant restitution order was imposed pursuant to VWPA, 18 U.S.C. § 3663. Whether restitution should be ordered and the amount of restitution to be made is left within the discretion of the district court upon consideration of the losses of any victim, the financial condition of the defendant and any other relevant factor. *See* 18 U.S.C. § 3664(a).[10] According to the Debtor, the victim's [the Government's] loss was the sole consideration in determining the amount of the restitution order and, therefore, it is compensatory rather than penal and is dischargeable in bankruptcy.

■■ However, the amount of a restitution order is clearly distinguishable from its purpose. *Pellegrino v. Division of Criminal Justice (In re Pellegrino,* 42 B.R. 129, 137 (Bankr.D.Conn.1984). As noted by the *Kelly* Court, a pivotal feature of restitution is its relationship to the pecuniary loss of the victim.[11] But, the Supreme Court concluded that restitution orders "are not assessed 'for ... compensation' of the victim," but rather

---

8. *See e.g., FDIC v. Soderling (In re Soderling),* 998 F.2d 730, 732 (9th Cir.1993); *United States v. Vetter,* 895 F.2d 456, 459 (8th Cir.1990) ("... the Supreme Court's rationale in *Kelly* applies equally to restitution orders entered as part of a criminal sentence by federal and state courts"); *United States v. Caddell,* 830 F.2d 36, 39 (5th Cir. 1987), *reh'g denied, en banc,* 833 F.2d 1010 (5th Cir.1987); *Zajder v. Hills Department Store (In re Zajder),* 154 B.R. 885, 887 (Bankr.W.D.Pa.1993) (finding restitution obligations arising out of a criminal prosecution based upon the debtor writing bad checks served a rehabilitative purpose and thus not dischargeable); *Fernandez v. IRS (In re Fernandez),* 112 B.R. 888, 892 (Bankr. N.D.Ohio 1990); *FDIC v. Wright (In re Wright),* 87 B.R. 1011, 1015 n. 3 (Bankr.D.S.D.1988) ("In cases decided since *Kelly* it has been held that the rationale of the Supreme Court applies equally to restitution obligations imposed under sentences for federal crimes"); *Matter of Martonak,* 67 B.R. 727, 729 (S.D.N.Y.1986) ("discharge in a Chapter 7 proceeding of a federal order of criminal restitution is legally impossible").

9. *See* Debtor's Memorandum of Law in Support of Motion for an Order Granting Summary Judg-

ment Declaring the Government's Restitution Order Dischargeable, at 9.

10. 18 U.S.C. § 3664(a) provides, as follows:

The court, in determining whether to order restitution under section 3579 [3663] of this title and the amount of such restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate. 18 U.S.C. § 3664(a).

11. The Supreme Court supported the *In re Pellegrino,* 42 B.R. 129, 133 (Bankr.Conn.1984) decision which concluded that the reason for the restitution requirement was "to promote the rehabilitation of the offender" rather than to compensate the victim. The *Pellegrino* court specifically rejected the contention that restitution is compensatory merely because it equals the amount of the victim's loss. *Kelly,* 479 U.S. at 52, 107 S.Ct. at 362. *See Cillo v. The Florida Bar (In re Cillo),* 165 B.R. 46, 49 (M.D.Fla.1994).

to promote "the penal and rehabilitative interests of the State." *Kelly,* 479 U.S. at 53, 107 S.Ct. at 363. [A]lthough restitution does resemble a judgment 'for the benefit of' the victim, the context in which it is imposed undermines that conclusion. The victim has no control over the amount of restitution awarded or over the decision to award restitution. *Id.* at 479 U.S. 53, 107 S.Ct. at 353.

The cases that acknowledge the compensatory goals of restitution but nevertheless find state and federal restitution orders non-dischargeable are legion. *See Kelly,* 479 U.S. at 36, 107 S.Ct. at 353; *FDIC v. Soderling (In re Soderling),* 998 F.2d 730, 732 (9th Cir. 1993); *United States v. Vetter,* 895 F.2d 456, 459 (8th Cir.1990); *United States v. Caddell,* 830 F.2d 36, 39 (5th Cir.1987) ("[T]here is no principaled distinction, applicable in bankruptcy proceedings, between the imposition of restitution and other types of fines by criminal sentencing authorities."); *State of New York v. Sokol (In re Sokol),* 170 B.R. 556, 559 (Bankr.S.D.N.Y. (1994) ("[E]ven if the Restitution is designed to compensate the State for damages caused by [the debtor], it is still penal for purposes of § 523(a)(7) because it is imposed as part of a criminal sentence."); *BT Commercial Corp. v. Kochekian (In re Kochekian),* 175 B.R. 883 (Bankr. M.D.N.C.1995).

■ *Kelly* and its progeny make it abundantly clear that in general, restitution orders as a class are excepted from discharge. The restitution imposed herein was not *solely* intended to compensate the victim but, rather, was a key component in the Debtor's punishment. Accordingly, this Court finds that the debt evidenced by the instant restitution order is non-dischargeable under section 523(a)(7).

*Retention of the Original Bar Date.*

■ The Debtor also seeks a declaration that the previously established "bar date" of July 27, 1992 set by the Pennsylvania bankruptcy court remains effective notwithstanding the subsequent transfer of the case to this court. That date represents the deadline for filing objections to discharge or to the dischargeability of certain debts. However, the instant adversary proceeding was timely commenced on July 21, 1992. Inasmuch as this proceeding does not seek to bar the Debtor's discharge but is aimed at declaring the restitution obligation non-dischargeable, while the instant motion was pending, this Court granted the Debtor a discharge on January 10, 1995.

Therefore, this Court finds that the issue of whether the Court should retain the original "bar date" for the filing of objections to discharge or dischargeability has become moot.

### CONCLUSIONS

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(2)(A) and (I).

2. The Debtor's motion for summary judgment is DENIED in its entirety.

3. The Plaintiff's motion for partial summary judgment is GRANTED.

4. The Debtor's debt evidenced by the restitution order is found to be non-dischargeable in the Debtor's bankruptcy proceeding.

SETTLE AN ORDER IN CONFORMITY WITH THIS OPINION.