J-S53042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KENNETH TYLER CARY, | : | |
| | : | |
| Appellant | : | No. 540 MDA 2015 |

Appeal from the Judgment of Sentence entered on February 18, 2015
in the Court of Common Pleas of Lackawanna County,
Criminal Division, No. CP-35-CR-0001630-2014

BEFORE:  DONOHUE, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:             **FILED NOVEMBER 13, 2015**

Kenneth Tyler Cary ("Cary") appeals from the judgment of sentence imposed after he pled guilty to receiving stolen property and unsworn falsification to law enforcement.[1]  We affirm.

The trial court set forth the relevant procedural history and facts underlying this appeal as follows:

> On November 20, 2014, [Cary] pled guilty to one count of receiving stolen property and one count of making an unsworn falsification to law enforcement, and[,] in exchange, the other charges pending against [him, *i.e.*, burglary, criminal trespass, and theft by unlawful taking (collectively referred to as "the dismissed charges"),] were *nolle prossed*.  These charges arose on January 26, 2014, in Scranton, when [Cary] entered the victims' home and stole cash, gift cards, and silver coins.  After conducting an investigation, the police determined that [Cary] had used the stolen gift cards, and when he was arrested by police on February 20, 2014, he provided a written statement and lied about where and how he had obtained the gift cards.

---

[1] **See** 18 Pa.C.S.A. §§ 3925(a), 4904(a)(1).

On February 18, 2015, [Cary] was sentenced. [At the sentencing hearing, t]he Commonwealth stated that the victim[s were] seeking $5[,]800 in restitution, and [Cary's] attorney objected[,] since the amount in the [criminal] information[,] and the amount of restitution [Cary] had agreed to at the time of the plea[,] was $2[,]700. The [trial] court asked the Commonwealth where this new amount had come from, and the Commonwealth indicated that it was in the victim impact statement submitted to the Commonwealth. The court asked to see it, and [Cary's] counsel then stated that [Cary] was indicating that he[] [would] accept responsibility for the restitution even though it was not part of the original charges. The court said that this should have been made part of the file[,] and made available to defense counsel. [Cary's] counsel stated that this is the first time he has seen this, but that his client indicates that he is willing to take responsibility for the amount of restitution now being demanded.

[Prior to imposing sentence, t]he [trial] court stated that it understood that [Cary had] committed these crimes because of a drug addiction, but that [Cary] does not understand that[,] while it hurts people to lose things taken from their home, it hurts them even more to take away their sense of security in their own home. The court stated that they never feel the same about being in their own home, and the court views the entry of someone else's home[,] and taking of items from them[,] as being a very serious crime, because the sense of security is never replaced. The court also noted that [Cary] was either under court supervision[,] or just recently released from court supervision[,] when the [crimes] were committed, since th[e trial] court had sentenced him in March of 2011 to one to three years [in prison] ….

The [trial] court imposed a sentence of one to four years [in prison] on the [receiving stolen property] charge, and three months to one year on the falsification to law enforcement charge, consecutive to the first [sentence]. The court noted that the sentences f[e]ll within the standard range of the sentencing guidelines, and that the court was going into the upper reaches of the standard range because [Cary] was under supervision[,] or just released from supervision[,] when he committed the crimes. The court stated that it took into consideration [Cary's] rehabilitative needs, but that when he makes his problems somebody else's problems, the court had to get serious about the time imposed. The court also ordered restitution of $5[,]800 to the victims, as well as a drug and alcohol evaluation.

Trial Court Opinion, 5/7/15, at 1-3 (paragraph breaks added, citations omitted).

Cary timely filed a Motion for reconsideration of sentence, which the trial court denied. Cary then timely filed a *pro se* Notice of Appeal, after which the trial court appointed him counsel. The trial court ordered Cary to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Cary timely complied.

On appeal, Cary presents the following issues for our review:

   A.  Whether the [sentencing] court incorrectly relied on [the dismissed] charges for the sentences, charges to which [Cary] did not plead guilty, of which he was not convicted, and which were *nolle prossed* as part of his plea agreement?

   B.  Whether the [sentencing] court imposed harsh, excessive and unreasonable sentences?

   C.  Whether the [sentencing] court erred and imposed an illegal sentence by imposing restitution of $5,800.00, where the amount to which he pled guilty, and the stolen items that he acknowledged responsibility for receiving[,] was only $2,700.00?

Brief for Appellant at 4.

We will address Cary's first two issues together, as they are related. Cary argues that the sentencing court committed an abuse of discretion in sentencing him because it (1) impermissibly considered the dismissed charges when fashioning Cary's sentence; and (2) imposed an unduly harsh and excessive sentence. ***See id.*** at 10-11, 11-16.

Cary challenges the discretionary aspects of his sentence, from which there is no absolute right to appeal. *See Commonwealth v. Hill*, 66 A.3d 359, 363 (Pa. Super. 2013). Rather, where, as here, the appellant has preserved the sentencing challenge for appellate review, by raising it at sentencing or in a timely post-sentence motion, the appellant must (1) include in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence, pursuant to Pa.R.A.P. 2119(f); and (2) show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. *Hill*, 66 A.3d at 363-64.

Here, Cary included a Rule 2119(f) Statement in his brief. *See* Brief for Appellant at 10-11. Moreover, Cary's above-mentioned claims present a substantial question for our review. *See Commonwealth v. Stewart*, 867 A.2d 589, 592 (Pa. Super. 2005) (stating that a claim that a sentence is excessive because the sentencing court relied on impermissible factors raises a substantial question); *Commonwealth v. Simpson*, 829 A.2d 334, 338 (Pa. Super. 2003) (same); *see also Commonwealth v. Mouzon*, 812 A.2d 617, 627-28 (Pa. 2002) (plurality) (stating that a claim of excessiveness of sentence may raise a substantial question even if the sentence imposed is within the standard range of the sentencing

guidelines).[2]

Our standard of review is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Garcia-Rivera***, 983 A.2d 777, 780 (Pa. Super. 2009)

(citation omitted).

> Cary argues that the sentencing court improperly
>
> focused on the impact [that] the burglary of the victim[s'] house had on the victims[,] and the feeling of being unsafe in their own home that such victims feel. [Cary] argues that the [sentencing] court impermissibly consider[ed] criminal conduct of which [Cary] neither pled guilty nor was convicted[,] and [the dismissed charges were] *nolle prossed* pursuant to a plea agreement.

Brief for Appellant at 12. In support of his claim, Cary relies primarily upon this Court's decision in ***Stewart****, supra*. ***See*** Brief for Appellant at 11-12. The appellant in ***Stewart*** challenged the discretionary aspects of his sentence, asserting that the sentencing court had improperly considered, as an aggravating factor, charges that had been *nolle prossed* pursuant to his

---

[2] Concerning Cary's claim of excessiveness of sentence, though it is essentially a bald claim, which ordinarily would not present a substantial question, ***see Commonwealth v. Fisher***, 47 A.3d 155, 159 (Pa. Super. 2012), we will address the merits of the claim. It is associated with Cary's separate claim that the sentencing court improperly considered the dismissed charges in fashioning the sentence; this claim presents a substantial question. ***See Stewart, supra***.

guilty plea agreement. *Stewart*, 867 A.2d at 591. This Court initially observed that "while our courts have … ruled that, when a court imposes its sentence, the court may consider a defendant's previous arrests and concurrent charges[,] … there is authority for the proposition that a sentence cannot be enhanced for any offense other than the one to which the defendant pled guilty." *Id.* at 593 (internal citations and paragraph break omitted). In *Stewart*, the sentencing judge had expressly stated that he was imposing a sentence in the aggravated range *because of* the *nolle prossed* charges. *Id.* This Court held that the sentencing judge's consideration of this factor was an abuse of discretion, and warranted a new sentencing hearing. *See id.*

We determine that Cary's reliance upon *Stewart* is misplaced. Unlike the situation in *Stewart*, here, the sentencing judge, the Honorable Vito P. Geroulo ("Judge Geroulo"), never referred to the dismissed charges when imposing sentence. Rather, he impressed upon Cary the impact that home invasion crimes can have upon victims' sense of security in their homes. *See* N.T., 2/18/15, at 5-7. In making this observation, Judge Geroulo was not using the dismissed charges as an "aggravating factor"; rather, he was remarking on Cary's character and the impact of his criminal conduct. *See, e.g., Commonwealth v. Vernille*, 418 A.2d 713, 719 (Pa. Super. 1980) (holding that it was not improper for the sentencing judge to consider the defendant's criminal activity for which he was not tried, charged or convicted, as it was relevant to an evaluation of his character).

Furthermore, the receiving stolen property charge to which Cary pled guilty concerned property taken during the same home invasion that was the basis for the dismissed charges. Therefore, we see no impropriety by Judge Geroulo in merely reflecting upon the impact that the home invasion had on the victims.

Finally, Judge Geroulo's observation concerning the impact of Cary's conduct was not the reason that the court gave for imposing a sentence in the upper range of the sentencing guidelines. Rather, Judge Geroulo stated that he felt compelled to impose such a sentence because of Cary's prior criminal history and supervision status at the time of the home invasion. **See** N.T., 2/18/15, at 5-8. Judge Geroulo also stated that he had considered Cary's rehabilitative needs in imposing this particular sentence. **See id.** at 8 (stating that "while I generally focus on rehabilitation for those who are addicted, when you make your problems somebody else's problems, then we have to get serious about the time imposed."). Accordingly, we cannot agree with Cary that Judge Geroulo improperly sentenced him based upon a consideration of the dismissed charges, and Cary's first issue thus lacks merit.

Concerning Cary's second issue, his claim of excessiveness of sentence is largely based on the same above-mentioned claim, which we have already rejected. **See** Brief for Appellant at 16 (asserting that Cary "contends that the [sentencing] court imposed unreasonable and harsh sentences when it considered criminal conduct involving the [dismissed] charge[s].").

Nevertheless, to the extent that Cary raises an independent claim of excessiveness, we discern no abuse of discretion by the sentencing court, and conclude that Cary's sentence, which was within the standard guideline range, was neither excessive nor unreasonable. ***See Commonwealth v. Walls***, 926 A.2d 957, 964 (Pa. 2007) (stating that "rejection of a sentencing court's imposition of sentence on unreasonableness grounds [should] occur infrequently, whether the sentence is above or below the guideline ranges."); ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010) (stating that "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code."). Judge Geroulo properly exercised his discretion in imposing a sentence that he deemed appropriate, given, *inter alia*, (1) the court's prior experience with Cary; (2) the impact of the crime on the victims; (3) Cary's rehabilitative needs; and (4) Cary's prior offenses. Accordingly, Cary is not entitled to relief on this claim.

In his final issue, Cary argues that Judge Geroulo imposed an illegal sentence by ordering him to pay $5,800.00 in restitution, where the value of the items he had pled guilty to stealing, as reflected on the criminal information, was only $2,700.00. ***See*** Brief for Appellant at 16-19.

Initially, we note that

[i]n the context of criminal proceedings, an order of restitution is not simply an award of damages, but, rather, a sentence. An appeal from an order of restitution[,] based upon a claim that a restitution order is unsupported by the record[,] challenges the legality, rather than the discretionary aspects, of sentencing.

- 8 -

The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary.

*Commonwealth v. Stradley*, 50 A.3d 769, 771-72 (Pa. Super. 2012) (citations and quotation marks omitted); *see also Commonwealth v. Atanasio*, 997 A.2d 1181, 1183 (Pa. Super. 2010).

Mandatory restitution, as part of a defendant's sentence, is authorized by 18 Pa.C.S.A. § 1106, which provides, in relevant part as follows:

*(c) Mandatory restitution.*

**(1)** The court shall order full restitution:

**(i)** Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss. …

* * *

**(2)** At the time of sentencing[,] the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:

**(i)** Shall consider the extent of injury suffered by the victim, the victim's request for restitution … and such other matters as it deems appropriate.

* * *

[**(3)**]**(i)** It shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered. *This recommendation shall be based upon information solicited by the district attorney and received from the victim*.

18 Pa.C.S.A. § 1106(c) (emphasis added).

In challenging the $5,800.00 in restitution as being unsupported by the record, Cary argues that

> the affidavit of probable cause, the criminal information, and [Cary's] guilty plea (written and in court) colloqui[es] identified the items stolen from the [victims'] house[,] and which [Cary] admitted to "receiving, retaining, or disposing of[,]" as $300.00 in cash, $600.00 in gift cards, and $1,800.00 in collectible silver coins. These items totaled $2,700.00. … [T]he amount of restitution should have been limited to these items and their value as stated in the criminal information.

Brief for Appellant at 19 (some capitalization omitted); *see also id.* at 17-18 (citing *Commonwealth v. Valent*, 463 A.2d 1127, 1128 (Pa. Super. 1983) (stating that an order of restitution must be supported by the record)).

Though we understand Cary's claim concerning the discrepancy between the two different amounts of restitution that the Commonwealth asserted he owes,[3] he is not entitled to relief on the merits of his legality of sentence challenge. As noted above, Cary's counsel stated at sentencing, on

---

[3] There is scant information in the certified record concerning the two different amounts of restitution, aside from the statements of counsel at sentencing. *See* N.T., 2/18/15, at 2-4. However, the Commonwealth asserts in its brief that

> the victim impact statement contained a Scranton Police Department "Inventory of Items Stolen or Missing" [("the Inventory"),] which itemized each item taken during the course of [Cary's] crime. Th[e Inventory] was attached to the victim impact statement that was provided by the victim[s] to the district attorney. *The [I]nventory included jewelry that was not calculated into the original restitution amount*."

Brief for the Commonwealth at 16-17 (emphasis added); *cf.* Brief for Appellant at 19 (asserting that Cary "was neither charged with nor pled guilty to any criminal offense involving jewelry or any other items taken from the [victims'] house.") (emphasis omitted). The Inventory is not contained in the certified record.

two separate occasions, that although the $5,800.00 in restitution that the Commonwealth had demanded at sentencing was more than the amount listed on the criminal information, "[Cary] indicate[d] that he's willing to take responsibility for the restitution that's being demanded."  N.T., 2/18/15, at 3; **see also id.**

Even assuming, *arguendo*, that the amount of restitution imposed was illegal, Cary waived any challenge to the amount of restitution imposed by expressly and unequivocally agreeing to it at sentencing.  **See, e.g., Commonwealth v. Byrne**, 833 A.2d 729, 736 (Pa. Super. 2003) (where the defendant had expressly waived his statutory right to credit for time served as part of his guilty plea agreement, stating that "[w]e are aware of no authority that provides an impediment to a defendant's express, knowing, and voluntary waiver of a statutory right if that waiver is key in obtaining a bargained-for exchange from the Commonwealth.") (citing, *inter alia*, **Peretz v. U.S.**, 501 U.S. 923, 936 (1991) (stating that "[t]he most basic rights of criminal defendants are … subject to waiver.")).

Accordingly, as we discern no abuse of discretion by the court in sentencing Cary, and he is not entitled to relief on his legality of sentence challenge, we affirm Cary's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2015