531 A.2d 1114

COMMONWEALTH of Pennsylvania, Appellee,

v.

Gus SKERIOTIS, Appellant.

Supreme Court of Pennsylvania.

Submitted March 13, 1987.

Decided Oct. 15, 1987.

Arnold Y. Steinberg, Pampano Beach, Fla., for appellant.

Edward J. Tocci, Dist. Atty., Ahmed T. Aziz, Asst. Dist. Atty., Beaver, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## ORDER

PER CURIAM:

Appeal dismissed as having been improvidently granted.

PAPADAKOS, J., did not participate in the consideration or decision of this case.

ZAPPALA, J., files a concurring and dissenting opinion in which FLAHERTY, J., joins.

ZAPPALA, Justice, concurring and dissenting.

Although I agree with the majority that most issues raised by the Appellant do not merit further review, I disagree as to the issue of restitution. In this appeal, the

Appellant was convicted for theft of services, theft by unlawful taking, and causing a risk of a catastrophe, all emanating from the use of unmetered gas. Appellant was sentenced to various terms of imprisonment and directed to make restitution in the amount of $30,689.09. While I would sustain the conviction, I disagree with the determination of restitution.

Under the Crimes Code, restitution shall be ordered after considering the extent of the injuries suffered by the victim and the type of payments that will serve the needs of the victim and the capabilities of the defendant. 18 Pa.C.S. § 1106(c)(1-3). *See also Commonwealth v. Valent*, 317 Pa.Super. 145, 463 A.2d 1127 (1983). It is clear that a trial court has the discretion to assess the amount of restitution deemed appropriate to compensate the victim for the injuries suffered. *Commonwealth v. Balisteri*, 329 Pa.Super. 148, 478 A.2d 5 (1984). However, sufficient evidence must appear on the record to evaluate each factor and substantiate the calculation. From my review of the record, insufficient evidence has been presented to substantiate the restitution. Furthermore, the lower court failed to provide us with its reasons for the amount ordered. Although certainty is not a criteria, it is important that some degree of reliability exist in order to substantiate such a large sum of restitution.

The Commonwealth did attempt to establish the dollar value of the appropriated gas. However, in so doing the Commonwealth based its calculations on speculative evidence. In fact, the Commonwealth's expert admitted that taking into consideration factors not previously considered, such as the extent of appliance and space heater usage, the use of energy saving modification and the assumption that Appellant heated the premises, would reduce his estimate by 10 to 20%. Since evidence was offered to substantiate these factors, the calculations of the expert was excessive.

Because this record does not support the restitution assessment and we have no explanation from the trial court as to how it evaluated the quantum of evidence and the

factors of 18 Pa.C.S. § 1106(c)(1–3), I would reverse the Superior Court and remand this matter to the trial court for further consideration of the restitution issue.

FLAHERTY, J., joined in this concurring and dissenting opinion.