**[J-26-2020]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 28 WAP 2019 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court entered December |
| | : | 17, 2018 at No. 1799 WDA 2016, |
| v. | : | affirming the Judgment of Sentence |
| | : | of the Court of Common Pleas of |
| | : | Allegheny County entered October |
| CHRISTOPHER ROBERT WEIR, | : | 17, 2016 at No. CP-02-CR- |
| | : | 0005483-2016 |
| Appellant | : | |
| | : | SUBMITTED: April 21, 2020 |

**OPINION**

**JUSTICE DONOHUE**                    **DECIDED: OCTOBER 1, 2020**

We granted discretionary review to determine whether a challenge to the amount of restitution imposed pursuant to Section 1106 of the Pennsylvania Crimes Code, 18 Pa.C.S. § 1106, implicates the discretionary aspects of sentencing or the legality of the sentence, a dichotomy relevant to the need for issue preservation. Upon review, we conclude that a challenge to the sentencing court's determination as to the amount of restitution sounds in sentencing discretion and, therefore, must be preserved. Accordingly, we affirm the Superior Court's ruling that Weir's restitution challenge implicates a discretionary aspect of the sentence that was not properly preserved and, therefore, was waived.

# I. BACKGROUND

This case arose out of an altercation over a debt, during which Appellant Christopher Weir ("Weir") struck and damaged the motorcycle of Jacob Korimko ("Korimko"). Trial Court Opinion, 6/22/2017, at 2. Weir was charged with one count each of burglary, criminal mischief, harassment, and disorderly conduct.[1] He proceeded to a non-jury trial on October 17, 2017. Concerning the damage to his motorcycle, Korimko testified at trial that he paid $1492 to replace the entire headlight assembly: the headlight, two side frames, the cowl, a support, and the gauge cluster. N.T., 10/17/2016, at 16–17, 25. Korimko also testified that his original estimate for repairing the vehicle totaled $2492, $1492 for new parts and $1000 to paint the new parts. Korimko testified that he could not afford the painting expense, so the new parts remained unpainted. *Id.* at 17, 25, 28.

Following the non-jury trial, the trial court found Weir guilty of criminal mischief and harassment. N.T., 10/17/2016, at 59; Trial Court Opinion, 6/22/2017, at 1. As for potential restitution, the trial court stated, "[T]he loss being approximately $2,500, give or take. We can talk about the details of that later." N.T., 10/17/2016, at 59. The case immediately proceeded to sentencing, at which the trial court sentenced Weir to probation for an aggregate term of two years and ninety days. *Id.* at 63. The trial court also ordered Weir to pay restitution, stating: "At the criminal mischief he is ordered to pay restitution in the amount of $2,000. I'm splitting the paint job cost only because we don't have accurate detailed information in that regard. And it is an M2, so I'm staying with $2,000." *Id.*

Weir filed a timely post-sentence motion, raising a challenge to the weight of the evidence supporting the verdict and a non-specified challenge to the restitution order,

---

[1] 18 Pa.C.S. §§ 3502(a)(3), 3304(a)(5), 2709(a)(1), and 5503(a)(1).

claiming the latter "exceeds the amount of loss suffered by [Korimko] in repairing the damage to his bike." Post-Sentence Motion, 10/26/2016, ¶ 12. The trial court denied the motion based on its conclusion that the record supported its restitution order in that Korimko testified regarding how much he paid for repairs and the estimate he received "to paint the replacement parts in order to return the motorcycle to its condition prior to the damage caused by [Weir]." Trial Court Opinion, 6/22/2017, at 5 (citing *Commonwealth v. Walker*, 666 A.2d 301, 311 (Pa. Super. 1995); *Commonwealth v. Pappas*, 845 A.2d 829, 845 (Pa. Super. 2004)). The trial court observed that it "could have ordered restitution in the amount of $2,400" based on the record. *Id.*

Weir appealed to the Superior Court, but he did not include a Pa.R.A.P. 2119(f)[2] statement in his Superior Court brief, and the Commonwealth objected. On June 18, 2018, the Superior Court issued a memorandum opinion, rejecting his restitution challenge on the basis of waiver, i.e., it was a discretionary aspect of sentencing claim, and Weir did not properly preserve it. *Accord Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987) (holding that claim relating to discretionary aspects of sentence is waived if appellant does not include Pa.R.A.P. 2119(f) statement in brief and opposing party objects to statement's absence). Weir filed an application for panel reconsideration or en

---

[2] This Rule provides:

> **(f) Discretionary aspects of sentence.** An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.

Pa.R.A.P. 2119(f).

banc review, insisting that his restitution challenge implicated the legality of the sentence. The Superior Court granted panel reconsideration, withdrew its memorandum opinion, and filed a published opinion affirming Weir's judgment of sentence. *Commonwealth v. Weir*, 201 A.3d 163, 170 (Pa. Super. 2018).

The Superior Court majority, in an opinion authored by the Honorable Mary Jane Bowes, observed that a sentencing court is statutorily required to impose restitution when the Commonwealth has established that (1) the defendant committed a crime, (2) the victim suffered injury to person or property, and (3) there exists a direct causal nexus between the crime and the loss. *Weir*, 201 A.3d 163, 170 (citing 18 Pa.C.S. § 1106(a)).[3] With regard to preserving a restitution challenge, the Superior Court acknowledged a conflict in its decisions as to whether an appeal of a restitution order in a criminal proceeding implicates the legality or the discretionary aspects of a particular sentence.[4]

---

[3] Section 1106(a) provides:

**(a) General rule.**--Upon conviction for any crime wherein:

(1) property of a victim has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime; or

(2) the victim, if an individual, suffered personal injury directly resulting from the crime,

the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

18 Pa.C.S. § 1106(a).

[4] *See Weir*, 201 A.3d at 171 (citing *In the Interest of Dublinski*, 695 A.2d 827 (Pa. Super. 1997)). The *Dublinski* panel cited two opinions holding that a claim that restitution is not supported by the record challenges the legality of the sentence, and several opinions holding that a claim that the amount of restitution imposed was speculative is a challenge to the discretionary aspects of the sentence. *Dublinski*, 695 A.2d at 828-29.

To answer that question, it turned to *In the Interest of M.W.*, 725 A.2d 729 (Pa. 1999), which was a challenge to restitution in a juvenile court dispositional order[5] that the Superior Court noted for its clarity regarding the interplay between restitution and issue preservation. *Weir*, 201 A.3d at 172. At issue in *M.W.* was the juvenile court's authority to impose restitution pursuant to 42 Pa.C.S. § 6352, where the juvenile was not wholly responsible for the property damage. The Superior Court quoted this Court's summation of the distinction between legality of sentence and the discretionary aspects of sentencing in the realm of criminal restitution:[6]

> We recognize that there has been some confusion as to whether an appeal of an order of restitution implicates the legality or the discretionary aspects of a particular sentence in a criminal proceeding. *See In the Interest of Dublinski*, 695 A.2d 827, 828–29 (Pa.Super.1997)(collecting cases). Where such a challenge is directed to the trial court's authority to impose restitution, it concerns the legality of the sentence; however, where the challenge is premised upon a claim that the restitution order is excessive, it involves a discretionary aspect of sentencing. *See generally Walker*, 446 Pa.Super. at 55, 666 A.2d at 307.

*M.W.*, 725 A.2d at 731 n.4. Concluding that the juvenile's claim sounded in sentence legality because it challenged the trial court's authority to impose restitution on a juvenile

---

[5] Our decision in *M.W.* was guided by the Juvenile Code, under which the imposition of restitution remains discretionary. 42 Pa.C.S. § 9352(a)(5). *Accord* Pa. L. Journal, 179th Gen. Assemb. No. 29, First Spec. Sess. (1995) (noting Senate removal of juvenile portion of mandatory restitution).

[6] In its discussion, *M.W.* "assumed, for the sake of argument, that a review of a dispositional order under the Juvenile Act is subject to the same limitations as a review of a criminal sentence." *M.W.*, 725 A.2d at 731. The court also noted our jurisdiction to review issues relating to the lawfulness of a sentence or dispositional order. *Id.* (citing *Commonwealth v. Smith*, 673 A.2d 893, 895 (Pa. 1996) (reasoning that Section 9781(f) does not preclude review of legal principles), and *In the Interest of M.M.*, 690 A.2d 175, 177 (Pa. 1997) (discussing the right to appeal in proceedings under the Juvenile Act generally)). The *M.W.* Court did not opine on whether the statutory constraints regarding dispositional orders apply in juvenile proceedings. *Id.* at 371, n.4

who was not solely responsible for the property damage, we held in *M.W.* that the juvenile's failure to preserve the issue did not preclude appellate review. *Id.* at 731.

Despite "the clarity" of *M.W.*, the Superior Court observed that panels of that court continued to use boilerplate language, like "unsupported by the record," to describe a restitution challenge as sounding in sentence legality. *Weir*, 201 A.3d at 172 (citing *Commonwealth v. Rotola*, 173 A.3d 831, 834 (Pa. Super. 2017)). The Superior Court observed that the phrase "unsupported by the record":

> provides no meaningful guidance as to whether a particular claim implicates the discretionary aspects or legality of sentencing, as its broad scope is amenable to differing interpretations. In some cases, a lack of record support may implicate the sentencing court's statutory authority to impose restitution and, hence, the legality of sentence. In other cases, there may be a lack of record support for the amount of restitution, which would implicate the court's discretion in determining the amount of restitution to be imposed.

*Id.*

Applying *M.W.* to Weir's challenge, the Superior Court instructed, "A challenge to the legality of sentence is presented when the defendant claims that the trial court lacked statutory authority to impose restitution because the Commonwealth failed to establish one or more of the requirements of [S]ection 1106(a)." *Weir*, 201 A.3d at 172. The Superior Court rejected Weir's attempt to frame his challenge as a sentence legality claim by using the phrase "unsupported by the record" and concluded that Weir's argument went to the amount of restitution, not the propriety of restitution. *Weir*, 201 A.3d at 174. Consequently, because the Commonwealth satisfied each element of Section 1106(a), Weir had no feasible challenge to the sentencing court's statutory authority to impose restitution. Since Weir challenged the sentencing court's determination as to the amount of restitution, his claim implicated the discretionary aspects of sentencing. Because Weir

failed to include a Pa.R.A.P. 2119(f) statement in his brief and the Commonwealth objected to this omission, Weir waived his sentencing challenge. *Weir*, 201 A.3d at 175.

The Honorable Deborah Kunselman filed a concurring opinion concluding that Weir's challenge to the restitution sentence implicated its legality. *Weir*, 201 A.3d at 175 (Kunselman, J., concurring). Her two-fold reasoning was based on the view that where restitution is mandatory, a challenge to the sufficiency of evidence to support the award itself or the amount goes to the legality of the sentence. First, the plain language of Section 1106 of Title 18 makes restitution mandatory and puts the burden on the Commonwealth to prove the amount of "full restitution." *Id.* at 176. Second, the legislative history of Section 1106 is similar to that of the Mandatory Victims Restitution Act, 18 U.S.C. § 3663(a), and both are aimed at making restitution non-discretionary. *Id.* at 176 n.3. Judge Kunselman reasoned that Weir's challenge to the amount of restitution as "speculative and not supported by the record" questioned "the court's authority to enter this award" and, therefore, it "attacks the legality of his sentence." *Id.* at 177.

According to Judge Kunselman, even though restitution itself is mandatory and a challenge to restitution as not being supported by the record goes to legality, the trial court is still permitted to determine a reasonable amount for restitution, as in the case of awarding attorneys' fees. *Id.* at 180, n.8 (citing *McMullen v. Kutz*, 985 A.2d 769, 776–77 (Pa. 2009)). Judge Kunselman concluded: "[T]he amount was not speculative and was supported by the record" and therefore, the trial court "had the authority to enter such an award." *Id.* at 180.

This Court granted review to address the following question:

Whether the Superior Court majority erred in holding that a challenge to an order of restitution pursuant to 18 Pa.C.S.A. § 1106 (Restitution for Injuries

to Persons or Property), contending that the amount is speculative and not supported by the record, always implicates the discretionary aspects of sentence that is subject to waiver, or whether such a challenge actually may implicate the legality of sentence and is non-waivable, as Judge Kunselman correctly concluded in her concurring opinion.

The parties are directed to address the Opinion Announcing the Judgment of the Court in *Commonwealth v. Foster*, 17 A.3d 332 (Pa. 2011) (plurality), that was adopted by *Commonwealth v. Barnes*, 151 A.3d 121 (Pa. 2016).

*Commonwealth v. Weir*, 215 A.3d 966 (Pa. 2019).

Whether a claim implicates the legality of a sentence presents a pure question of law, in which case our scope of review is plenary, and our standard of review, de novo. *Commonwealth. v. Petrick*, 217 A.3d 1217, 1224 (Pa. 2019) (citation omitted). Resolution of the matter at hand also involves interpretation of a sentencing statute, which presents a pure question of law; again, our scope of review is plenary, and our standard of review, de novo. *Id.* (citation omitted).

## II. ARGUMENTS OF THE PARTIES

Weir failed to preserve a challenge in the Superior Court to the discretionary aspects of his sentence. He now argues that his challenge to the amount of the order of restitution under Section 1106 as "unsupported by the record" implicates the legality of the sentence, and, therefore, is unwaivable. Weir's Brief at 24. According to Weir, in reasoning that a challenge to the amount of restitution implicates a discretionary aspect of sentencing, the Superior Court misconstrued his challenge by overlooking "another fundamental requirement of Section 1106—to invoke the trial court's authority under the statute, the Commonwealth must present sufficient evidence demonstrating the victim's entitlement to restitution." *Id.* at 31–32 (citing *Weir*, 201 A.3d at 174). Weir claims that the Commonwealth fell short of presenting sufficient evidence in this case, such as

receipts or estimates, to support the sentence of restitution. *Id.* at 34. He attacks the Commonwealth's proof on two grounds. First, the amount of restitution imposed exceeded Korimko's actual damages and was speculative. *Id.* at 34–35. Second, the sentencing court imposed a restitution amount that was higher than the amount supported by the record. Without any discussion of the relevant statutory provisions, Weir argues that his sentence violates the principle that a sentencing court lacks authority to impose anything other than a mandatory sentence, which Weir claims is "full restitution" as mandated by 18 Pa.C.S. § 1106(c)(1)). Weir's Brief at 35.[7]

In the Commonwealth's view, an illegal sentence "is one that exceeds the jurisdiction or power of the sentencing court to impose" the sentence. Commonwealth's Brief at 10. The Commonwealth contends Weir's challenge attacks the **amount** of restitution imposed, not the sentencing court's authority to impose restitution. *Id.* at 17. Although the Commonwealth acknowledges that the trial court was required to impose full restitution, it argues that requirement does not convert Weir's attack on the determination of the amount into an attack on the court's authority. *Id.* at 17–18 n.3.

The Commonwealth proffers several reasons why this Court should reject Weir's claim that to invoke the authority to impose restitution, a sentencing court must have specific types of evidence demonstrating entitlement to the amount awarded.

---

[7] Weir contends that "facts (other than prior convictions) that increase mandatory sentences" — such as those establishing mandatory restitution in this case — "must be proven beyond a reasonable doubt." Weir's Brief at 36–37 n.11 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). Weir appears to argue that the trial court did not have authority to impose this restitution sentence because it did not make a determination as to the amount of restitution beyond a reasonable doubt, presumably as a result of the quality of the evidence presented. The argument is totally undeveloped in the body of his brief and we will not address it.

Commonwealth's Brief at 17–22 (citing Weir's Brief at 32). First, Weir's attack is on the weight that the sentencing court placed on Korimko's testimony and alleges an abuse of discretion in crediting his testimony to the extent that it did. Commonwealth's Brief at 17. Second, Weir never advanced a claim that the evidence failed to establish the factual prerequisites for the imposition of restitution as set forth in Section 1106(a), which it views as a prerequisite for a restitution sentence. *Id.* at 19. Third, Weir confounds claims attacking evidentiary support for the amount of restitution with challenges to the sentencing court's authority to impose restitution. *Id.* at 21, 22. Finally, by claiming the amount of restitution was speculative, Weir has inherently acknowledged that restitution was authorized. *Id.* at 22.[8]

The Commonwealth points out that Weir's challenge to the evidence establishing the cost of restoring the victim's property and the weight that the court placed upon the evidence is unlike claims raised in other recent Superior Court restitution challenge cases that the evidence failed to establish a causal nexus between the criminal conduct and the victim's loss, one of the elements required to support a sentence of restitution under Section 1106(a). Commonwealth's Brief at 23–25 (citing *Commonwealth v. Atanasio*, 997 A.2d 1181 (Pa. Super. 2010), *Commonwealth v. Holmes*, 155 A.3d 69 (Pa. Super. 2017), *Commonwealth v. Rotola*, 173 A.3d 831 (Pa. Super. 2017), and *Commonwealth v. Crosley*, 180 A.3d 761 (Pa. Super. 2018)). The Commonwealth asserts that appellate courts generally do not disturb discretionary aspects of sentencing, such as the amount

---

[8] The Commonwealth presents an alternative argument that, even if this Court considers the merits of Weir's claim, the victim's testimony was sufficient to support the restitution order. Commonwealth's Brief at 22–23.

of a restitution award, "because the trial court is in a better position to weigh the factors appropriate in determining [a] sentence." *Id.* (citing this Court's precedents).[9] Lastly, according to the Commonwealth, the relevant question is whether the sentencing court went beyond its power and imposed an unauthorized sentence, which would give rise to a non-waivable sentencing claim, whereas a discretionary sentencing error, like the one alleged by Weir, does not result in an illegal sentence and is waivable. *Id.* at 26–27.

As directed in our grant of allowance of appeal, both Weir and the Commonwealth address the impact of the *Foster* plurality and *Barnes* on the current challenge. Weir predictably places his restitution challenge in the first category of sentence-legality claims identified by the *Foster* plurality, i.e., where the sentencing court lacks authority to avoid entering a particular sentence, *Foster*, 17 A.3d at 342. Weir's Brief at 35. According to Weir, his sentence is illegal because the sentencing court lacked authority to impose any amount other than full restitution, but it imposed more than full restitution because of its reliance on evidence that did not support the amount awarded. *Id.* In turn, the Commonwealth emphasizes the plurality's acknowledgment that a reviewing court must limit its application of sentence legality to claims where the sentencing court's "authority to act" is implicated. Commonwealth's Brief at 13. According to the Commonwealth, non-waivability "should not encompass every instance in which the sentencing court's

---

[9] *Commonwealth v. Martin*, 351 A.2d 650, 657 (Pa. 1976) ("It is true that the sentence imposed is normally left undisturbed on appeal because the trial court is in a far better position to weigh the factors involved in such a determination."); *Commonwealth v. Plank*, 445 A.2d 491, 492 (Pa. 1982) (citing *Martin*); *Commonwealth v. Skeriotis*, 531 A.2d 1114, 1115 (Pa. 1987) (Zappala, J., concurring and dissenting) ("It is clear that a trial court has the discretion to assess the amount of restitution deemed appropriate to compensate the victim for the injuries suffered.").

'authority to act has been *infringed* upon,' as the lead opinion in *Foster* contends." *Id.* at 27 (citing *Foster*, 17 A.3d at 344 (brackets and emphasis in original)).[10]

Regarding *Barnes*, Weir restates its adoption of the lead opinion in *Foster* "for the proposition that a sentence is illegal for issue preservation purposes where the sentencing court lacked authority to avoid entering a particular sentence." Weir's Brief at 31 (quoting *Barnes*, 151 A.3d at 126). The Commonwealth limits its discussion of *Barnes* to a summary of its case specific holding that a sentence entered under authority that has been rendered void on its face is an illegal sentence for issue preservation purposes. Commonwealth's Brief at 16.

## IV. ANALYSIS

Restitution is "[t]he return of property of the victim or payments in cash or the equivalent thereof pursuant to an order of the court." 18 Pa.C.S. § 1106(h). "[A]n order of restitution must be based upon statutory authority," *M.W.*, 725 A.2d at 731, and that authority lies generally in Section 9721(c) of the Sentencing Code, which provides: "In addition to the [sentencing] alternatives set forth in subsection (a) of this section the court shall order the defendant to compensate the victim of his criminal conduct for the damage or injury that he sustained." 42 Pa.C.S. § 9721(c). Specific to the case on appeal, the authority of the sentencing court to impose restitution is codified in the Crimes Code in Section 1106. Amendments to Section 1106 in 1995 and 1998[11] changed restitution from

---

[10] Without reference to the impact on this appeal, the Commonwealth also summarizes the concurrences in *Foster*. Commonwealth's Brief at 14–16.

[11] Pa. L. Journal, 179th Gen. Assemb. No. 8, First Spec. Sess. (1995); H.B. 413, Printer's No. 3735, 182nd Gen. Assemb., Reg. Sess. (Pa. 1997).

a discretionary sentencing option to its current form, which provides, in relevant part, as follows:

(a) **General rule.**--Upon conviction for any crime wherein:

(1) property of a victim has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime; or

(2) the victim, if an individual, suffered personal injury directly resulting from the crime,

the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

\* \* \*

(c) **Mandatory restitution.**--

(1) The court shall order full restitution:

(i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss. The court shall not reduce a restitution award by any amount that the victim has received from the Crime Victim's Compensation Board or other government agency but shall order the defendant to pay any restitution ordered for loss previously compensated by the board to the Crime Victim's Compensation Fund or other designated account when the claim involves a government agency in addition to or in place of the board. The court shall not reduce a restitution award by any amount that the victim has received from an insurance company but shall order the defendant to pay any restitution ordered for loss previously compensated by an insurance company to the insurance company.

\* \* \*

(2) At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:

(i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district

attorney in accordance with paragraph (4) and such other matters as it deems appropriate.

(ii) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just.

(iii) Shall not order incarceration of a defendant for failure to pay restitution if the failure results from the offender's inability to pay.

(iv) Shall consider any other preexisting orders imposed on the defendant, including, but not limited to, orders imposed under this title or any other title.

* * *

18 Pa.C.S. § 1106(c)(1), (2).

Where a claim concerns the sentencing court's exercise of discretion in fashioning a sentence, the defendant must preserve and present the claim at trial by way of a contemporaneous objection and/or a post-trial motion and on appeal through the process provided by 42 Pa.C.S. § 9781(b)[12] and Pa.R.A.P. 2119(f).[13]  Where a claim concerns the sentencing court's authority to impose a sentence, it is reviewable as of right on direct

---

[12] Pursuant to this section, "[t]he defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter."  42 Pa.C.S. § 9781(b).  Moreover, pursuant to 42 Pa.C.S. § 9781(f), in challenges to the discretionary aspects of a sentence, "[n]o appeal ... shall be permitted beyond the appellate court that has initial jurisdiction for such appeals."

[13] Prior to reaching the merits of a discretionary sentencing issue, the Superior Court must determine, inter alia, whether an appellant's brief has a fatal defect.  Pa.R.A.P. 2119(f); *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987).  In a brief raising a sentencing discretion issue, an appellant must include a separate, "concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence."  Pa.R.A.P. 2119(f).

appeal, without regard to preservation of the claim. *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014). "[A] determination that a claim implicates the legality of a sentence … operates to revive a claim otherwise insufficiently preserved below," and is reviewable by this Court on permissive appeal. *Eisenberg*, 98 A.3d at 1275; *Commonwealth v. Taylor*, 104 A.3d 479, 489 (Pa. 2014).

In the realm of challenges to orders of restitution, *M.W.* is this Court's seminal discussion of the distinction between challenges to the legality of a restitution sentence and the discretionary aspects of such a sentence, and the resulting impact on issue preservation requirements. While *M.W.* was the first and remains the only case in which this Court addressed the test for determining whether a challenge to an award of restitution sounds in the legality of a sentence or the discretionary aspects of fashioning an award, the Superior Court has on many occasions, before and since *M.W.*, grappled with the issue. *See In the Interest of Dublinski*, 695 A.2d 827, 828-29 (Pa.Super. 1997) (collecting cases holding that restitution claim implicated discretionary aspects of sentencing and cases holding that restitution claim implicated legality of the sentence); *Commonwealth v. Holmes*, 155 A.3d 69 (Pa. Super. 2017) (en banc) (plurality) ("Where ... statutory authority exists, however, the imposition of restitution is vested within the sound discretion of the sentencing judge."); *Commonwealth v. Rotola*, 173 A.3d 831, 834 (Pa.Super. 2017) ("An appeal from an order of restitution based upon a claim that it is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing; as such, it is a non-waivable matter").[14]

---

[14] As discussed by the Superior Court in its opinion of this case, despite the clarity of the instruction in *M.W.*, that court has not consistently used the *M.W.* framework to determine

Given the clarity of *M.W.* and its specific application to challenges to sentences of restitution, it is not entirely surprising that the Superior Court, in this case, did not rely on the more recent pronouncements of this Court (which, in part, drew from *M.W.*) on the appropriate framework to determine whether a challenge to a sentence is to its legality or to its discretionary aspects. For example, in *Foster*[15] we addressed whether a challenge to a mandatory minimum five-year sentence[16] raised in response to this Court's decision in *Commonwealth v. Dickson*, 918 A.2d 95 (Pa. 2007),[17] implicated a discretionary aspect of a sentence or its legality.[18] *Foster*, 17 A.3d at 334. The procedural posture of the

---

the appropriate categorization of challenges to an award of restitution. *Weir*, 201 A.3d at 172. As highlighted by the Superior Court, over the course of time, a meaningless default label, "not supported by the record," has come to be a trigger for attempted challenges to the legality of a restitution award and for findings of illegal sentences without regard to whether the challenge was directed to the authority of the court to enter an award of restitution. *Id.* at 172. Indeed, Weir frames his challenge as one involving the legality of the restitution award because it is not "supported by the record." This bare statement is irrelevant to any analysis of the character of the challenge.

[15] The lead opinion was authored by Justice Baer and joined by Justices Todd and McCaffery.

[16] *See* 42 Pa.C.S. § 9712(a) (imposing mandatory five-year sentence of incarceration upon person convicted of enumerated violent crime and in visible possession of firearm).

[17] In *Dickson*, we held that 42 Pa.C.S. § 9712, which provides a mandatory minimum sentence for visible possession of a firearm, cannot be applied to an unarmed co-conspirator. *Dickson*, 918 A.2d at 108–09.

[18] The terminology of "legality of sentence" and "discretionary aspects of sentencing" is derived from 42 Pa.C.S. § 9781 - Appellate review of sentence, which provides:

> **(a) Right to appeal.**--The defendant or the Commonwealth may appeal as of right the legality of the sentence.

> **(b) Allowance of appeal.**--The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the

appeal complicated, in part, the ability to formulate a majority position. *Dickson* was decided while *Foster* was on direct appeal. The defendant in *Foster* did not lodge a challenge to the imposition of the mandatory minimum in the trial court based on his status as an unarmed co-conspirator. He raised the challenge to the sentence for the first time in the Superior Court. The Commonwealth, although agreeing that *Dickson* precluded the imposition of the mandatory minimum, argued that the sentence imposed was nonetheless permissible as it was within the statutory maximum under the sentencing code and thus, any challenge to the sentence was to its discretionary aspect and had to be preserved in the trial court.

The *Foster* plurality drew from the Superior Court's analysis of its and our jurisprudence setting the traditionally narrow benchmarks for an illegal sentence: failure to apply a statutory maximum sentence, merger of convictions for purposes of sentencing, and double jeopardy, *Foster*, 17 A.3d at 342, and from those contexts, the plurality reasoned that sentence legality issues generally arise in two instances. The first is "when a trial court's traditional authority to use discretion in the act of sentencing is somehow affected, *see e.g. In re M.W.*, 725 A.2d at 731 (when a sentencing issue "centers upon a court's statutory authority" to impose a sentence, rather than the "court's exercise of discretion in fashioning" the sentence, the issue raised implicates the legality of the sentence imposed)." *Foster*, 17 A.3d at 342. The second is "when the sentence imposed is patently inconsistent with the sentencing parameter set forth by the General Assembly."

---

discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.

42 Pa.C.S. § 9781(a), (b).

*Id.* (citing *Commonwealth v. Shiffler*, 879 A.2d 185, 188–89 (Pa. 2005) (sentence exceeding statutory maximum intended by General Assembly); *Commonwealth v. Aponte*, 855 A.2d 800, 802 n. 1 (Pa. 2004) (same, in context of *Apprendi* challenge); *Commonwealth v. Andrews*, 768 A.2d 309, 313 (Pa. 2001) (challenge concerning merger or double jeopardy implicates sentences contemplated by General Assembly for violations of Crimes Code)). Recognizing that the sentence at issue implicated the authority of the sentencing court to impose the mandatory minimum, the *Foster* plurality held that the challenge implicated the non-waivable legality of the sentence because the trial court possessed no authority to not impose a mandatory minimum at sentencing, which set a floor for the sentence imposed.

Of the seven-member court, three justices filed concurring opinions. Then Chief Justice Castille (joined by Justice Orie Melvin) was of the view that the appeal presented the question of retroactive application of *Dickson* and that establishing a concrete rule on the determination of whether the challenge was to the non-waivable legality of sentence was neither necessary nor prudent. *Foster*, 17 A.3d at 346 (Castille, C.J., concurring). Justice Eakin agreed with this view. *Id.* at 356 (Eakin, J., concurring). Then Chief Justice Castille opined that basing trial level issue preservation on the legality/illegality construct of Section 9781 was not supportable. He urged that the plurality significantly redefined the concept of an "illegal" sentence to include all but discretionary sentencing claims, predicting that many formerly discretionary claims involving, e.g., failure to properly calculate guideline ranges, would now fall into the legality paradigm since sentencing courts have no discretion but to consider the guidelines. *Id.* at 349–50. Former Chief Justice Castille expressed the view that the plurality significantly changed the post-trial

and appellate issue preservation landscape. *Id.* at 351. He, like Justice Eakin, disagreed that a sentence that includes the mandatory minimum can be illegal if the sentence is otherwise within the statutory maximum.

Then Justice Saylor agreed with the Castille concurrence that the plurality's stated dichotomy defining the different challenges was problematic. He preferred "illegal per se" language to capture "the thrust of the limited waiver exception pertaining to criminal sentencing, while distinguishing the analysis from the legality/discretion dichotomy governing the presentation of appellate claims under the Sentencing Code." *Foster*, 17 A.3d at 356 (Saylor, J., concurring). He thus generally preferred a more case specific analysis to determining an "illegal per se" sentence.

Seven years after *Foster*, in *Barnes*, when called upon to address the preservation of a challenge to another mandatory minimum sentence[19] in the wake of *Alleyne v. United States*, 570 U.S. 99 (2013), this Court adopted the position of the lead opinion in *Foster*. As in *Foster*, *Barnes* involved a retroactivity issue. The defendant in *Barnes* raised the *Alleyne* challenge for the first time in this Court. Finding that the sentencing court was without authority to enter any other sentence but the mandatory minimum, the *Barnes* Court held consistent with *Foster* that "'the sentencing court's authority to act has been infringed upon[,]' rendering the sentence 'illegal' for issue-preservation purposes." *Barnes*, 151 A.3d at 125 (brackets in original) (quoting *Foster*, 17 A.3d at 344–45). Chief Justice Saylor authored a concurring opinion, joined by Justice Mundy, adopting his views

---

[19] *See* 42 Pa.C.S. § 9712.1 (imposing mandatory five-year sentence of incarceration upon person in constructive possession of drugs and in close proximity to firearm).

previously expressed in *Foster*. Justice Dougherty concurred expressing his agreement with the Castille concurrence in *Foster*.

While *Barnes* generally settled the test for determining whether a challenge to a sentence sounds in legality or the discretionary aspects of the sentence and the issue preservation implications of those determinations, *M.W.* continues as viable precedent as to the framework for classifying challenges to orders of restitution. *Barnes* and *M.W.* are entirely consistent — a challenge to the sentencing court's authority to order restitution raises a non-waivable legality of sentencing issue. A challenge to the manner in which the sentencing court exercises that authority in fashioning the restitution implicates the discretionary aspects of the sentence.

Although preserving the issue in post-trial motions in the trial court, *Weir* did not preserve his challenge to the restitution sentence in a Rule 2119(f) statement in the Superior Court. Thus, reviewability of Weir's restitution challenge necessarily hinges on the interpretation of Section 1106, the source of the sentencing court's authority to impose restitution. The goal of statutory construction is to ascertain and effectuate the intent of the General Assembly, which is best expressed through the words of the statute. 1 Pa.C.S. § 1921(a); *Commonwealth v. Brown*, 981 A.2d 893 (Pa. 2009). "Every statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S. § 1921(a). Words and phrases are to be construed "according to rules of grammar and according to their common and approved usage[.]" 1 Pa.C.S. § 1903(a); *Commonwealth v. Hall*, 80 A.3d 1204, 1211 (Pa. 2013). When they are "clear and free from all ambiguity, the letter of [the statute] is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b).

The plain language of Section 1106(a) makes clear, as relevant here, that a sentencing court is required to impose restitution as a sentence upon conviction of a crime when the victim's property has been "substantially decreased in value as a direct result of the crime. 18 Pa.C.S. § 1106(a). As a mandate, Section 1106(a) is consistent with other mandatory sentencing statutes in two ways. First, it supplants a court's traditional authority to exercise discretion in choosing among sentencing alternatives. *Foster*, 17 A.3d at 344–45. Second, Section 1106(a) lends itself to a binary analysis, i.e., either it applies or it does not apply, depending on whether the factual prerequisites for imposition of the sentence exists. 18 Pa.C.S. § 1106(a).

In the context of issue preservation principles, Section 1106 requires an integrated analysis of its relevant provisions. Section 1106(a) is mandatory in its directive and removes any discretion from the sentencing court to impose restitution as punishment upon conviction of a crime under two circumstances: where the property of a victim has been stolen, converted or otherwise unlawfully obtained or its value has been substantially decreased as a direct consequence of the crime, 18 Pa.C.S. § 1106(a)(1), or where the victim, if an individual, suffered personal injury resulting from the crime, 18 Pa.C.S. § 1106(a)(2). Thus, the failure of a trial court to impose restitution where the circumstances described in Section 1106(a)(1) or (2) are established results in an illegal sentence. Conversely, and as relevant to a defendant's challenge, if the statutory circumstances are not established and the sentencing court orders restitution, the challenge to the sentence implicates its legality. In either of these sentencing scenarios, a challenge to the sentence of restitution need not be preserved.

Without any elaboration, but citing to Section 1106(c)(1), Weir argues that the restitution ordered is illegal because it awards the victim more than "full compensation" based on alleged failures in the Commonwealth's evidence of the loss. Section 1106(c), Mandatory Restitution, contains four subsections, two of which are pertinent to Weir's "full restitution" argument. Section 1106(c)(1) provides:

(1) The court shall order full restitution:

(i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss. The court shall not reduce a restitution award by any amount that the victim has received from the Crime Victim's Compensation Board or other government agency but shall order the defendant to pay any restitution ordered for loss previously compensated by the board to the Crime Victim's Compensation Fund or other designated account when the claim involves a government agency in addition to or in place of the board. The court shall not reduce a restitution award by any amount that the victim has received from an insurance company but shall order the defendant to pay any restitution ordered for loss previously compensated by an insurance company to the insurance company.

18 Pa.C.S. § 1106(c)(1). A plain reading of Section 1106(c)(1) makes clear that "full compensation" means that the amount is to be determined based on the victim's loss without regard to the defendant's resources or collateral sources of payment. In this context, "mandatory restitution" in the title of Section 1106(c) means that restitution must be imposed pursuant to Section 1106, regardless of the defendant's ability to pay or collateral payments to the victim. There is nothing within this subsection (c) that remotely relates to the quantity or quality of the evidence necessary to establish the amount of the victim's loss.

Moreover, the discretionary nature of the amount of restitution is established in Section 1106(c)(2), which sets forth the factors to be considered by the sentencing court in fashioning an award of restitution: "… the court shall consider the extent of injury

suffered by the victim, the victim's request for restitution as presented to the district attorney … and such other matters as it deems appropriate." 18 Pa.C.S. § 1106(c)(2)(i). This language, placing the determination of the amount of restitution under the sentencing court's consideration based on the stated factors and "other matters it deems appropriate," is the clearest possible indication of the General Assembly's recognition that fashioning the restitution order remained in the exercise of the sentencing court's discretion. Weir's discontent with the amount of restitution and the evidence supporting it is a challenge to the sentencing court's exercise of discretion, not to the legality of the sentence. To access review of his challenge by the Superior Court, he was required to file a Pa.R.A.P 2119(f) statement in his appellate brief.

Here, Weir does not mount a Section 1106(a) challenge to the sentencing court's authority. He does not claim that he was not convicted of a crime where the value of the victim's motorcycle was substantially decreased as a direct result of the crime. He therefore has not raised a challenge to the legality of the sentence under Section 1106(a). Because Weir challenges only the amount of the award based on the sentencing court's consideration of the evidence of loss presented by the Commonwealth, it is a challenge to the discretionary aspects of sentencing, and he was required to preserve it pursuant to Pa.R.A.P. 2119(f).

The decision of the Superior Court is affirmed.

Chief Justice Saylor and Justices Baer, Todd, Dougherty, Wecht and Mundy join the opinion.